## KOON *v.* INSURANCE COMPANY.

1. A stipulation that the jury, if the court be not in session when they agree upon their verdict, may sign, seal, and deliver it to the officer in charge and disperse, is equivalent to an agreement that the court may open the sealed verdict in their absence, and, if necessary, reduce it to proper form.
2. It is also a waiver of the right to poll the jury if they be not in court.
3. The entry of the verdict in the proper form is allowed by sect. 954 of the Revised Statutes of the United States and by the Practice Act of Illinois.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

This is an action of debt brought by the Phœnix Mutual Life Insurance Company against Henry H. Koon as principal, and the other defendants as sureties, on a bond in the penal sum of $10,000, conditioned for the faithful performance of his duties as agent of the company. The defendants pleaded *nil debet.*

It appears from the bill of exceptions that upon the retirement of the jury " it was agreed by the parties that the jury might, when they had agreed upon their verdict, if the court should not then be in session, sign and seal the same, and deliver the same to the officer in charge and disperse."

The jury, having agreed upon their verdict when the court was not in session, signed, sealed, and delivered it to the officer in charge, who returned it into court, where it was ordered to be opened and read. It was in the following words and figures, to wit: " We, the jury, find for the plaintiffs, and fix the sum due on the bond at $7,500, and damages at one cent." The envelope in which it was enclosed also contained another paper, on which was the following writing: " The undersigned jury signed the enclosed verdict as a compromise, being the largest amount we can get; " signed by five of the jurors.

Thereupon the court directed the clerk to put the verdict in the following form: " We, the jury, find the issue for the plaintiff, and find the debt ten thousand dollars, and assess the damages at seven thousand five hundred dollars; the said debt to be discharged on payment of said damages."

To which action, in ordering the verdict to be opened and read in the absence of the jury and in changing its form, the

defendants excepted, and moved the court to correct the entry so as to make it conform to the verdict as returned. The motion was overruled, and judgment rendered on the verdict as recorded. The defendants sued out this writ of error.

*Mr. Robert G. Ingersoll* for the plaintiff in error.
*Mr. Lewis H. Boutell, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The stipulation "that the jury might, when they had agreed on their verdict, if the court should not then be in session, sign and seal the same, and deliver the same to the officer in charge and disperse," was equivalent to an agreement by both parties, on the retirement of the jury, that the court might, when the sealed verdict was handed in by the officer, open it in the absence of the jury and reduce it to proper form, if necessary. The stipulation was also a waiver of the right to poll the jury if they should not be in court.

The issue to be tried was on a plea of *nil debet.* This admitted the execution of the bond, and required the jury only to find the amount due. If anything was found to be due, the law fixed the form of the verdict and judgment. The jury found there was $7,500 due on the debt and one cent damages for the detention. That finding, reduced to proper form, was in favor of the plaintiff for the penalty of the bond, to be discharged on payment of $7,500. All the court did was to enter the verdict in that form. In doing so it only gave legal effect to what the jury unmistakably found. This was allowable, both under sect. 954 of the Revised Statutes and the Practice Act of Illinois.

*Judgment affirmed.*