DANIEL E. CHRISTIE, Respondent, *v.* ROBERT BOWNE, Appellant.

*Coming in of the jury — duty of the defendant to be present — trial commenced in one room and finished in another.*

It is the duty of the defendant in an action to remain with the judge, and not the judge's duty to keep the jury in waiting until the defendant's attorney arrives, especially when such attorney leaves no word with the judge that he shall be sent for when the jury comes in.

The fact that a trial was begun in one room and finished in another across the hall from the first room, does not prejudice any right of the defendant.

APPEAL by the defendant, Robert Bowne, from an order of the Supreme Court, made at the Kings County Special Term and

entered in the office of the clerk of the county of Kings on the 15th day of November, 1893, denying the defendant's motion, made upon the minutes, to set aside the verdict and for a new trial, on the ground of the invalidity and irregularity of the verdict of the jury and from the whole thereof.

*Charles Strauss*, for the appellant.

*Henry L. Brant*, for the respondent.

PRATT, J. :

The affidavits in support of the motion allege that the verdict was received in a private room, which is contradicted by the opposing affidavits.

The court has personal knowledge that the room described is a public room occupied by this court for many years for the hearing of motions and the trial of causes.

The facts resolve themselves into this, that the trial was begun in one room and finished in another across the hall from the first. This did not prejudice any right of the defendant. Besides, it was the defendant's fault that the verdict was taken in his absence. It was his duty to remain with the judge, and not the judge's duty to keep the jury in waiting until defendant's attorney arrived, especially as he left no word with the judge that he should be sent for when the jury came in.

Again, we think if the defendant had any merit in this matter he waived it by not moving at once, and by making other motions not consistent with his claim upon this motion.

The order must be affirmed, with costs.

DYKMAN, J., concurred; CULLEN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.