LEANDER C. GOODSELL *v.* DELTA & PINE LAND CO. ET AL.

1. FEDERAL COURT. *Removal of cause. Diverse citizenship. Act of congress 1875.*

   Under act of congress, March 3, 1875, the circuit court of the United States to which a cause is removed, in determining whether there is the requisite diverse citizenship of the parties, will disregard the position they occupy in the pleadings, and group them on opposite sides, according to the real facts and subject-matter.

2. FEDERAL COURTS. *Jurisdiction. Judgments. Collateral attack.*

   While the circuit courts of the United States are courts of limited jurisdiction, and, in a direct attack on their judgments by appeal, the record must show the jurisdictional facts, yet they are not courts of inferior power in the sense that, unless such jurisdictional facts appear on the face of their judgments or proceedings, such judgments are void when attacked in the state courts or elsewhere collaterally.

3. SAME. *Collateral attack. Jurisdictional facts. Presumption.*

   Where the circuit court of the United States holds that a cause has been properly removed from a state court, and overrules a motion to remand, and proceeds to final decree, afterwards, in a suit in the state court attacking such decree for want of jurisdiction on the ground that the cause was not removable, the decree will not be held void unless it be shown that, in no state of case, could the federal court have had jurisdiction of the cause by removal.

FROM the chancery court of Sunflower county.

HON. W. R. TRIGG, Chancellor.

For a statement of facts, reference is made to the opinion.

*Nugent & McWillie,* for appellant.

The federal court was without jurisdiction. The defendant, Evers, an alien, had no right to remove the cause. *King* v. *Cornell,* 106 U. S., 395. The cause not being removable on his application, as shown on the face of his petition, the juris-

diction of the state court was not in the least affected. Evers was a resident alien, Watson was a citizen of Illinois, and Bald win a citizen of the same state as Watson, and the requisite diversity of citizenship did not exist. Such citizenship must distinctly and explicitly appear of record. 13 Wall., 602; 109 U. S., 278; 111 *Ib.*, 379. Jurisdiction of a United States court will not be presumed, as in the case of a common law, English or state court. The record must show the statement of facts. 19 How., 393; 94 U. S., 455; 120 *Ib.*, 225. On any writ of error or appeal, the first or fundamental question is that of jurisdiction, first, of the supreme court, and then of the court whence the record comes. *Railway* v. *Swan*, 111 U. S., 379; *Rich* v. *Mentz*, 134 U. S., 632. The want of jurisdiction need not be taken advantage of by direct attack, as by an appeal. The only question in the case is whether the federal court is shown to have had no jurisdiction. That appearing beyond question, all we contend for must follow.

*Frank Johnston*, for appellees.

The validity of the final decree in the case of *Watson* v. *Evers* cannot be raised in this collateral proceeding. The remedy, if any, is by appeal. A court always has the power to determine its own jurisdiction, and this power belongs to the federal courts, which are usually recognized as courts of superior and not inferior jurisdiction, and, so far certainly as collateral attacks are concerned, their jurisdiction need not appear upon the record. *Wood* v. *Mann*, 1 Sumner R. (U. S. C. C.), 578; 6 Cranch, 267; 3 Pet., 193; 6 *Ib.*, 729; 10 Wheat., 192; 8 How. (U. S.), 586. This doctrine has been generally sustained by the state courts. 2 Greene, 94; 17 John., 272; 1 Wend., 126; 3 Selden, 254; 5 Fost, 299; 12 Am. & Eng. Enc. L., 267 (*a*). Judgments of the federal court would possess no value if placed under the supervision and control of state courts wherever there was a difference of opinion between the state and federal courts in respect to the jurisdiction of the latter.

The question of jurisdiction is not an incident upon the question of the merits, but is in itself often the principal question in the case. 36 Barb., 242. The decision of a court of superior jurisdiction having the parties before it, on the question of its own jurisdiction, is conclusive of the question except on direct appeal. 1 Bailey (S. C.), 294; *Grignon's Lessee* v. *Astor*, 2 How. (U. S.), 319. The circuit court of the United States, on the motion to remand, must be conclusively presumed to have examined into the facts upon which the jurisdiction depended, and to have found the facts sustain the jurisdiction.

Argued orally by *W. L. Nugent*, for appellant, and *Frank Johnston*, for appellees.

HARPER, Special J., delivered the opinion of the court.

In November, 1881, one Byron H. Evers, conveyed an undivided one-fourth interest in certain lands located in this state to M. S. Baldwin. In July, 1884, Thomas Watson, who had furnished Evers the money to purchase these lands, exhibited his bill in the chancery court of DeSoto county, to fix a trust thereon for the money so advanced. In this bill the complainant, Watson, is stated to be a citizen of the state of Illinois; the defendants, Evers, Phillips and Marshall, are stated to be aliens, and the defendant, M. S. Baldwin, is stated to be a citizen of the state of Illinois. A supplemental bill was subsequently filed making Sylvester Gwin, auditor of public accounts of Mississippi, a party defendant. The defendants, Phillips and Marshall, answered, making their answer a cross bill, in which they prayed for relief against their co-defendants, Evers and Baldwin. It seems that the other defendants also presented answers, but the full nature of these answers is not shown.

On December 26, 1884, Evers presented his petition, with a bond annexed, to the chancery court of DeSoto county, praying a removal of the cause to the district court of the United

States for the northern district of Mississippi.   In this petition he alleged that he was, at the commencement of that suit, and still is, an alien and citizen of Great Britain, and that Thomas Watson is, and then was, a citizen of the state of Illinois, and that a separable controversy between him and Watson was presented in that case.   Evers, after having filed this petition and bond for removal, took no further steps looking to that end. Thereupon, on January 3, 1885, Thomas Watson, by leave of the federal court, appeared and exhibited an ancillary bill, in which it was stated that Evers had refused or failed to file in that court a transcript of the record of proceedings in the state court in the case of *Watson* v. *Evers et al.*, for which he had prayed a removal, and for that reason a copy of such record was attached to the ancillary bill for the purpose, as alleged, of showing the full status of the parties thereto.

A motion was then made by M. S. Baldwin, one of the defendants, to remand the cause to the state court for want of jurisdiction in the federal court.   This motion was overruled, and the court proceeded with the cause in due order.

On July 31, 1885, an interlocutory decree was entered, in which the rights of all the parties to the suit, except Evers, are stated to have been determined in accordance with the terms of an agreement entered into by such parties on December 15, 1884, a date previous to the filing of the petition for removal.

On October 3, 1885, a final consent decree was entered in the cause fixing the rights of all the parties thereto and ordering a sale of the lands in question.   A few days thereafter, M. S. Baldwin conveyed all his interests in the lands to one Leander C. Goodsell.   At the sale of the lands under the decree Thomas Watson became the purchaser, and he afterwards conveyed them to the Delta & Pine Land Company.

In March, 1893, Leander C. Goodsell exhibited this bill in the chancery court of Sunflower county, setting out the foregoing facts and annexing as exhibits certain parts of the pro-

ceedings had in the cause of *Watson* v. *Evers et al.*, but failing to annex other parts, such as the several bills and answers.

This bill prays that defendant's title, acquired through the sale under the consent decree in the federal court, be annulled and that said decree be held for naught, with other prayers not necessary to state.

The defendant demurred to the bill. The demurrer was sustained, and the complainant appeals.

It is contended here by appellant that the case of *Watson* v. *Evers et al.* was never properly before the federal court. But this question must depend upon whether the case was or was not a removable cause, since, if removable, the instant Evers filed his petition and bond, the jurisdiction of the state court ceased, and that of the federal court attached. Thereafter it was the right of the complainant, either with or without leave of the federal court, to have the whole cause, either by transcript or otherwise, brought to the attention of that court. *Anderson* v. *Appleton*, 32 Fed. R., 855. Otherwise, a defendant, by filing a petition and bond for removal, might indefinitely postpone action in both courts. If the cause was not removable, of course the whole proceeding was ineffective.

Whether the cause of *Watson* v. *Evers et al.* was removable, depends upon the construction of the act of congress of March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes." It has been held by the supreme court of the United States, in the case of *King* v. *Cornell*, 106 U. S., 395, that, under this act, where a citizen of a state sues jointly a citizen of the same state, and an alien, that the latter cannot remove the cause from a state to a federal court, although the controversy may be separable. In the case at bar the petition for removal showed that Watson, a citizen of Illinois, sued Baldwin, a citizen of Illinois, and Evers, an alien. Therefore, although the petition alleged that there was a separable controversy between Watson and Evers,

it did not on its face present such a case as entitled Evers to a removal.

But the supreme court of the United States, in construing this same act of 1875, in the *Removal Cases*, 100 U. S., 457, says: "This we understand to mean that when the controversy about which a suit in the state court is brought is between citizens of one or more states on one side, and citizens of other states on the other side, ether party to the controversy may remove the suit to the circuit court, without regard to the position they occupy in the pleadings as plaintiffs or defendants. For the purposes of removal the matter in dispute may be ascertained, and the parties to the suit arranged on opposite sides of that dispute. If in such arrangement it appears that those on one side are all citizens of different states from those on the other, the suit may be removed. Under the old law the pleadings only were looked at, and the rights of the parties in respect to a removal were determined solely according to the position they occupied as plaintiffs or defendants in the suit. Under the new law the mere form of the pleadings may be put aside, and the parties placed on different sides of the matter in dispute according to the facts." This construction of that act seems reasonable, and is binding on this court. It would hardly be just to permit a party to be deprived of a substantial right under the constitution and laws by a mere trick of pleading, for which the methods of procedure in equity offer so many facilities. See, also, *Arapahoe County* v. *Railway Co.*, 4 Dillon (U. S. C.), 277.

Therefore, when the federal court came to consider the motion of Baldwin to remand the cause, it was its right and duty to look not alone to the face of the petition for removal, but to all the pleadings and proceedings, and, if such court was of the opinion that there was no substantial controversy between the defendant, Baldwin, and the complainant, Watson, and, after having arranged the several parties to the suit according to the real nature of the controversy disclosed by the facts and

the record, it found all the parties making common cause against the alien, Evers, then Evers was entitled to have his cause heard in the federal court, and the motion of Baldwin to remand ought to have been denied.     *Bondourant* v. *Watson*, 103 U. S., 281.

We have no means of knowing from the record here how the federal court came to its conclusion in denying the motion to remand, but such denial was had and amounts to a judgment of that court on the question of its jurisdiction.

It is well settled that all federal courts are courts of limited jurisdiction, and, in a direct attack on their judgment, on appeal, such a state of case must be made to appear, not necessarily in the judgment, but somewhere in the record, as will bring the particular cause clearly within the jurisdiction of such courts.    But we have not been able to find where it has ever been held that any of the federal courts are courts of inferior jurisdiction in the sense that, unless all jurisdictional facts appear on the face of their proceedings and judgments, such proceedings and judgments are null and void whenever and however attacked.

If this were a case of a direct attack on appeal, we could not positively affirm that the judgment on the motion to remand was even erroneous, because the pleadings and facts that made up the record before the federal court are not fully presented to us.    But, in this collateral attack, which, from the nature of the case, is the only kind of an attack that can ever be made in a state court on the judgment of a federal court, it must be shown from the record itself, affirmatively, that, under no state of case therein disclosed, could the federal court have had jurisdiction.    This the record in this suit fails to do.    So far as we are able to know, the facts set out in the pleadings themselves may have shown a removable case.    Complainant's bill alleges that Baldwin was an indispensable party, but it is not shown by sufficient facts, nor even alleged, that Baldwin was an indispensable party who had a substantial controversy with

Watson. And the facts set out in the interlocutory decree would seem to mean that, if Watson had ever had a controversy with any of the defendants except Evers, that such controversy had been settled by some sort of an agreement made before the petition for removal was filed. Under such circumstances, it seems to us that we are bound by the judgment of the federal court as to its jurisdiction. Therefore, we hold that the decree of the federal court is valid and binding on all the parties and privies thereto, and the judgment of the court below is

*Affirmed.*

WHITFIELD, J., being disqualified, took no part in this decision. W. R. Harper, Esq., a member of the bar, was appointed special judge and sat in his stead.

*Nugent & Mc Willie,* for appellant,

Filed a suggestion of error, making, among others, the following points: Under the first clause of § 2, act 1875, the right of an alien to remove a cause alone arises. He has no right, because of separable controversy, to remove, and, therefore, by the petition actually filed by Evers, the cause was not removable in law. If not removable, it was, in legal contemplation, not removed, even if the right existed under the first clause of § 2 of said act and was not attempted to be exercised until it could be said a nonexistent right could in law be available of to forward an existent right either claimed or asserted in any way. 104 U. S., 107; 110 *Ib.,* 60; 113 *Ib.,* 597. It is true, in the case of separable controversy, the mere position of the parties on the record and face of the pleading is of no importance, but, in a cause not separable, the pleading determines the right of removal. If, at the time of the suit brought, the cause itself was not removable under § 2 of the act, then no subsequent arrangement between plaintiff and defendant could create a right not before existing, or warrant the court in finding a separable controversy so as to maintain jurisdiction. The ques-

tion is, could Evers, an alien, by any sort of proceedings, have removed the cause. The plain meaning in the language in the case of *King* v. *Cornell* is that the alien one of the party defendants could not act alone, but that the petition for removal could only be presented by the party defendant, and no such petition was ever presented in this case. In that case the court was not considering what might not or might have been done; it was enough to determine the question of law by what had been done. The bill alleges that Watson, a citizen of Illinois, exhibited his bill in the state court against Baldwin, a citizen of Illinois, and Evers. The court cannot assume that there was separable controversy, and place Baldwin and Watson on one side, and thereby give rise to a right which did not and could not exist; and, having withdrawn the cause from the state court because of a supposed separable controversy, maintain the cause in the federal court, not because of petition filed which was not warranted by law, but because the moving defendant might in some way effect the removal.

COOPER, C. J., delivered the opinion of the court in response to suggestion of error.

We have carefully considered the suggestion of error made by appellant, and remain satisfied with the opinion heretofore delivered.

In *Evers* v. *Watson*, in which case we have been furnished with a manuscript opinion of the supreme court of the United States, the decree herein assailed seems to have been attacked by other parties thereto by original bill in the court in which it was rendered, and from a decree dismissing that bill an appeal was prosecuted to the supreme court of the United States. The opinion of that court, affirming the decree of the lower court, proceeds along the precise line of our opinion heretofore delivered. We have not decided, as counsel assumes, that an alien defendant, having a separable controversy, may remove a cause from the state to the federal court. We have decided

only, that, upon the facts stated, it is not made to appear, "beyond controversy, that, upon the record, the court could not have had jurisdiction;" and this is given as the test by the supreme court for the determination of the fact of want of jurisdiction. *Evers* v. *Watson, supra.* Some agreement seems to have been entered into between the other parties to the record before the application by Evers to remove the cause was made. His bond for removal was dated December 24, 1884; from the recitals of an interlocutory decree made in the cause in the federal court, it appears that all the other parties, plaintiff and defendant, had, by an agreement of date December 15, 1884, arranged for a settlement of all matters involved between them, and probably, thereafter, made common cause against him. The whole record suggests, that while there may have been some dispute between the other parties in reference to their respective interests in, or claims upon, the subject-matter of the litigation, all claimed adversely to Evers, or, rather, that he asserted title as against all other parties, while they claimed that he held as trustee for them. By a rearrangement of the parties according to their real interest, all others may have been complainants and Evers the sole defendant. In this condition of the record Evers could have removed the cause, not as an alien having a separate controversy from his co-defendants, but as one of the parties—being sole defendant—within the meaning of the first clause of § 2 of the act of 1875.

*A reargument is denied.*