### ALUSA v. LEHIGH VALLEY R. CO.

District Court, W. D. New York. June 20, 1928.

1. Trial ⬅➡325(1)—Right to poll jury may be exercised any time before verdict is recorded.

Right to polling of jury may be exercised at any time before verdict is recorded.

2. Trial ⬅➡325(1)—Right to poll jury exists, unless expressly waived.

Right to polling of jury exists, unless it has been expressly waived.

3. Trial ⬅➡325(1)—Right to poll jury is waived, where party, but not counsel, is in court when verdict is returned, and no request is made for polling.

There is waiver of right to poll jury, where party is in court when verdict is returned, and does not ask for polling of jury, notwithstanding that counsel was absent.

At Law. Action by Dominick Alusa against the Lehigh Valley Railroad Company. On plaintiff's motion for new trial after verdict for defendant. Motion denied.

Mortimer L. Sullivan, of Elmira, N. Y., for plaintiff.

Cobb & Cobb, of Ithaca, N. Y., for defendant.

ADLER, District Judge. This is a motion for a new trial upon the grounds, first, that the right of the plaintiff to have the jury, which passed upon his case, polled, was disregarded; second, that the verdict was clearly against the weight of credible evidence.

The trial was held at the Elmira term of the District Court, beginning on January 10, 1926. The jury returned a verdict of "No cause of action." The charge to the jury was delivered after lunch, and the jury retired about 3 o'clock in the afternoon. The jury returned with its verdict at about 5 o'clock in the afternoon of the same day. When the jury returned to the courtroom, and in reply to the inquiry of the clerk of the court said that they had agreed upon a verdict, the plaintiff was present in the courtroom, and defendant's counsel were present in the courtroom. Plaintiff's counsel were not present. Counsel for plaintiff did not leave a request with the court, or with the clerk, or with any one connected with the court, that they should be advised when the jury was ready to report.

Some time after the jury had returned its verdict, and after the verdict had been recorded, one of the counsel for plaintiff appeared and entered upon the record a motion for a new trial on the grounds as stated above.

[1, 2] 1. The right to the polling of a jury has not been questioned. This right may be exercised at any time before the verdict is recorded. Warner v. New York Central Railroad Co., 52 N. Y. 437, 11 Am. Rep. 724, and cases cited. Under these cases, the right to poll exists, unless it has been expressly waived.

[3] It is undoubtedly an express waiver, when counsel are in court at the time the verdict is returned, and they do not ask for a poll of the jury. The question here is whether there is a waiver when the party is in court, and counsel are absent from the courtroom, when the jury reports, and no request is made for the polling of the jury. I am of the opinion that it is. I know of no authority which makes it obligatory on the court to withhold the report of a verdict of the jury until counsel for either party can be sought out and brought to the courtroom, especially when the party himself is present, and especially when counsel has left no word with the court, or an officer of the court, to request that he be informed when the jury is ready to report. In this opinion I follow the case of Christie v. Bowne, 76 Hun, 42, 27 N. Y. S. 657, which I consider directly in point.

2. In my opinion, the verdict of the jury was not so clearly against the weight of evidence as to warrant the granting of the motion for a new trial on that ground.

The motion for a new trial is denied.