ANNA D. WEIR, PLAINTIFF-RESPONDENT, v. ROBERT A. LUZ, DEFENDANT-APPELLANT.

WILLIAM A. WEIR, PLAINTIFF-RESPONDENT, v. ROBERT A. LUZ, DEFENDANT-APPELLANT.

Argued January 20, 1948—Decided April 20, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the appellant, Duggan, Shaw & Hughes (Robert Shaw, of counsel).

For the respondents, Joseph P. Dallanegra (Thornton C. Land, of counsel).

The opinion of the court was delivered by

HEHER, J. The point at issue here is whether a jury verdict in a civil case received by the clerk of the court in the absence

of the judge, in accordance with a direction given under
R. S. 2:27–236, may be set aside for non-compliance with
a demand for an examination of the jury by the poll, inter-
posed by one of the parties immediately upon the announce-
ment of the verdict by the jury's foreman.

A verdict for defendant was vacated for failure to comply
with plaintiffs' demand for a jury poll; and on the retrial
there was a verdict and judgment for each plaintiff. The
appeals are from these judgments. The actions were brought
to recover damages for injuries to person and property arising
out of an intersection collision between two automobiles;
and they were tried as one. Defendant counter-claimed for
personal injuries and property damage; and on the first trial
the parties stipulated that if defendant was found entitled to
recover on his counter-claim, his damages amounted to $425.
The verdict was treated by the judge as a finding for defend-
ant on the counter-claim in that sum.

The object of polling the jury is to determine whether the
right of the parties to the concurrence of the jurors in the
announced verdict has been satisfied, and, by the same token,
to afford the individual jurors an opportunity for withdraw-
ing assent that is unreal as induced by coercion, and to de-
clare in open court their judgment *in præsenti*. *Humphries*
v. *District of Columbia,* 174 *U. S.* 190; 19 *S. Ct.* 637; 43
*L. Ed.* 944. There are conflicting views as to the nature of
the right. One line of cases holds that a party has a peremp-
tory, absolute right to have the jury polled on the rendition
of the verdict, whether sealed or oral, unless the right has
been expressly waived; and there are cases declaring that a
jury poll is not a matter of right, but rests in the discretion
of the court. The cases *pro* and *con* are collected in *Abbott's
Civil Jury Trials (5th ed.),* § 397. It would seem that at
common law there is no absolute right to poll the jury. 2
*Hale's P. C.* 299; *State* v. *Hoyt,* 47 *Conn.* 518, 533. In the
last cited case, it was held that "there can be no propriety in
having the jury polled" under a practice such as exists in
New Jersey, for it affords "a more convenient way" of obtain-
ing the opinion of each individual juror. Under that prac-
tice, the jury authorizes the foreman to speak for them; and,

after the foreman makes answer for the jury, the jury are again distinctly asked to hearken to their verdict, which is read back to them, the clerk adding "So say you all." Silence gives individual affirmance. *Fellow's Case*, 5 *Greenl.* 333; *Ropps* v. *Barker*, 4 *Pick.* 238; *Ryan* v. *People*, 50 *Col.* 99; 114 *Pac. Rep.* 306.

Such seems to be the rationale of the statute cited *supra*. It is provided that in civil cases the court "may direct that the jury's verdict be taken by the clerk, in open court in the absence of the judge, and may order that the court remain open for that purpose." *R. S.* 2:27–236. Presumably, the legislature was of the view that the formula sanctioned by immemorial usage for making the verdict known in open court in essence served the purpose of the jury poll. That seems to be the *ratio decidendi* of the decision of our court of last resort in *Francillo* v. *Latour*, 116 *N. J. L.* 423. The contrary hypothesis would afford the means of nullifying the statute. It is not to be inferred that the legislature intended thus to put the operation of the statute in the hands of the parties to the action.

But however this may be, there was a waiver of such right as the plaintiffs had to poll the jury by their failure to assert it when the judge directed the clerk, in the exercise of the statutory power, to receive the verdict in open court in the judge's absence. The clerk had no power to poll the jury. *Francillo* v. *Latour*, *supra*. So far as the record and the agreed state of the case reveal, this direction by the judge was given in open court in the presence of the parties; and there is a presumption to that effect. Compare *State* v. *Waterhouse*, 109 *N. J. L.* 15.

It is certified in the agreed case that the original verdict was set aside "on the sole ground that the plaintiff(s) had been deprived of the right to have a poll of the jury;" and thus there was error in matter of law not within the bounds of sound discretion which requires a reversal. The judicial discretion invoked on an application for a new trial is not arbitrary or capricious. It is a discretion that takes account of the law, and is governed accordingly. Here, there was a plain misapprehension of the law which is correctible on error.

*Knight* v. *Cape May Sand Co.,* 83 *N. J. L.* 597; *Corn* v. *Kaplan,* 103 *Id.* 628; 46 *C. J.* 406, 413. It was not within the province of the judge arbitrarily to set aside a verdict entirely regular and valid, and thereby to afford the losing party another trial of the action. The original verdict and judgment thereon are conclusive of the issue. True, there is express legislative authority for the polling of the jury by the clerk or his "representative" in criminal cases. *R. S.* 2:190–14. But there are obvious reasons for this added safeguard in cases of this class.

The judgments under appeal are accordingly reversed, and the orders granting a new trial are vacated, all with costs; and the cause is remanded for further proceedings in conformity with this opinion.