166 So.2d 396

**Bruno CORDI**

**v.**

**DIXIE HIGHWAY EXPRESS, INC., et al.**

**6 Div. 4.**

Supreme Court of Alabama.

June 18, 1964.

Donald L. Collins and Deramus & Johnston, Birmingham, for appellant.

Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellees.

HARWOOD, Justice.

The plaintiff below sued as administrator of the estate of Josephine Fidelis Cordi, deceased, who died as a result of a collision between the automobile driven by her father and a truck owned by Dixie Highway Express, Inc., which at the time of the collision was being driven by its employee Cleo T. McCullar.

The jury returned a verdict in favor of the defendants, and judgment was entered accordingly.

The plaintiff's motion for a new trial being overruled, an appeal was perfected to this court.

The collision occurred at an intersection in Birmingham at which there was a traffic light.

A number of witnesses testified in behalf of each of the respective parties below. We will not detail this testimony for we think it suffices to say that the evidence presented by the plaintiff below, appellant here, was directed toward showing that Mr. Louis K. Harris, father of Josephine Fidelis Cordi, who was a passenger in the Harris automobile, drove into the intersection as the traffic light was green in his favor, while the truck owned by Dixie and

driven by McCullar, entered the intersection on a red light and at an excessive speed.

On the other hand, the evidence presented by the defendant below, appellee here, tended to show that the light was green in favor of the truck as it approached the intersection at a speed of 20 to 25 miles per hour, and that the Harris car entered the intersection on a red light.

Thus a question of fact solely within the province of the jury was presented. By their verdict it must be assumed that the jury found there was no negligence on the part of the driver of the truck.

Appellant's assignments of error 1, 2, and 3, all assert error on the part of the court below in denying appellant's motion for a new trial. The grounds of the motion for a new trial argued under these assignments all go to the weight and sufficiency of the evidence to support the verdict.

▇▇▇ The jury saw and heard the witnesses, and the trial judge refused to disturb the verdict. A strong favorable presumption must be accorded the verdict under these conditions. Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718. True, the evidence presented below by the plaintiff tended to contradict that presented by the defendant. However, the evidence presented by the defendant, if believed by the jury to the required degree, was ample in its tendencies justifying the verdict. The lower court properly denied the plaintiff's motion for a new trial on these grounds. Mulkin v. McDonough Const. Co., of Georgia, 266 Ala. 281, 95 So.2d 921; Occidental Life Ins. Co. of California v. Nichols, 266 Ala. 521, 97 So.2d 879.

Appellant's assignment of error No. 4 is as follows:

"The Trial Court erred in that an irregularity occurred to the great prejudice of the plaintiff (appellant), to-wit, the jury verdict was received in the absence of the plaintiff's (appellant's) attorney and the plaintiff's (appellant's) attorney had not consented to the verdict being received without his presence. Said jury's verdict was received by the Court's bailiff and without any stipulation from the plaintiff (appellant) or his attorney to the effect that said verdict could be received by the Court's bailiff, and in the absence of the plaintiff's (appellant's) attorney said plaintiff (appellant) was denied the right and opportunity to poll the jurors."

This assignment is the same as ground 13 of the motion for a new trial. The motion for a new trial is supported by an affidavit of counsel for appellant which in parts pertinent to this review reads:

"After the evidence had been presented to the jury, the case argued and the jury instructed by the Court, they retired to the jury room to commence their deliberations. At no time was I asked or did I agree that the jury's verdict would be received in my absence. On the contrary, if such request had been made in this particular case, I would not have agreed for the verdict to be received in my absence because it was my desire to poll this jury if a verdict was rendered for the defendant. At all times during the deliberations by the jury in this case, I was in the vicinity of Judge J. Russell McElroy's courtroom. On one occasion I went to the case clerk's office to check on a pending case, and on another occasion I went to the Circuit clerk's office. The first knowledge I had that the jury had returned a verdict came to me as I walked from the circuit clerk's office toward Judge McElroy's courtroom. At that time I saw the jurors in the hall. I then walked into the courtroom and had a conversation with Judge McElroy's bailiffs, Julius D. Hill and Morris E. Oden. As I recall the substance of that conversation, I stated to them that the plaintiff had been deprived of his right

to poll the jury without his having agreed to do so."

The motion for a new trial was argued and submitted to the court, taken under advisement, and overruled. No transcript of the proceedings at the hearing on the motion for a new trial is contained in the record. We therefore must approach our review solely on the matters contained in the affidavit, that is, solely on the question presented by the affidavit which is limited to the absence of counsel at the time of the return of the verdict. In fact, this is the only aspect of assignment argued in brief by counsel for appellant.

At common law there was no absolute right to have the jury polled. 2 Hales P.C. 299. A majority of the jurisdictions in this country hold that a poll of a jury may be demanded as a matter of right, subject to certain conditions and limitations. In other jurisdictions it is held that polling of the jury rests within the sound discretion of the trial judge. See 71 A.L.R.2d, beginning on page 644 for annotation and authorities.

In some states the right to poll the jury is given by statute. Alabama is in this group.

Section 101, Title 30, Code of Alabama, provides:

"When a verdict is rendered in either a civil or criminal case, and before it is recorded, the jury may be polled, on the requirement of either party; in which case they must be asked severally if it is their verdict; and if any answer in the negative, the jury must be sent out for further deliberation."

█ Whether the right to poll the jury is created by decisional law, or by statute, it is a matter that may be waived. Lipscomb v. Cox, 195 N.C. 502, 142 S.E. 779; Rogers Ins. Agency v. Anderson Machinery Co., 211 Or. 459, 316 P.2d 497; Weir v. Luz, 137 N.J.L. 361, 58 A.2d 550; Alusa v. Lehigh Valley R. R. Co., 2 Cir., 26 F.2d 950; Koon v. Phoenix Mut. L. Ins. Co.,

104 U.S. 106, 26 L.Ed. 670; Farhart v. Matuljack, 283 App.Div. 972, 130 N.Y.S. 2d 611; Fitzgerald v. Clark, 17 Mont. 100, 42 P. 273.

█ Where, without leave of the court, counsel voluntarily absents himself after the case has been submitted to the jury, such absence is at his own risk, and there is no obligation on the part of the court, or any officer or employee of the court, to locate the absent counsel before reception of the verdict. If counsel makes arrangements with some attaché of the court to be called when the jury is ready to report, this again is at counsel's own risk. Otherwise the business of the court would be dependent upon the pleasure of counsel, as to being present, a situation not conducive to the orderly transaction of the court's business, nor fair to the interests of the opposing party. It is counsel's duty to be present at all stages of the trial until it is completely at an end, and if·his voluntary absence is at a time the verdict is received by the court, then he is deemed to have waived his right to poll the jury. State of Oregon v. Waymire, 52 Or. 289, 97 P. 46; Fitzgerald v. Clark, 17 Mont. 100, 42 P. 273; Finn v. Carnegie-Illinois Steel Co., D.C., 68 F.Supp. 423, and cases cited therein.

Counsel for appellant relies upon Allen v. State, 260 Ala. 324, 70 So.2d 644. The Allen case involved a death sentence. Counsel for the defendant had made arrangements with the clerk or bailiff to notify the court that he had gone to another courtroom on the same floor to attend to cases he had pending there, and upon notice he would come immediately to the courtroom where the case had been submitted to the jury. Counsel went to the other courtroom, took two orders, and as he was returning to the trial courtroom he met the jury leaving and learned that the jury had found his client guilty and had imposed the death sentence. The jury of course was not polled. The court held that defendant's motion for a new trial on the ground that defendant's counsel had not been afforded an opportunity to poll the

jury should have been granted. The court also observed that the judgment entry did not indicate that the defendant was accorded any right to make an objection when sentence was passed upon him. This too would have necessitated a reversal of the judgment.

Factually the present case is to be distinguished from the Allen case in that so far as disclosed by the affidavit, counsel had made no request to be summoned in event the jury announced its readiness to report. Even so, the Allen case was a criminal case in which the extreme penalty of death was imposed. We are unwilling to extend the doctrine of the Allen case beyond the facts of said case. Insofar as civil cases are concerned, we think the sounder rule is that announced in Fitzgerald v. Clark, and Finn v. Carnegie-Illinois Steel Co., both supra, and the authorities cited in both cases, to be the sounder rule.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.