DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.

Andrew James **WILLIAMS**, Appellant,

v.

Bennie **PINKERTON** and Gary Trout, Appellees,

No. 45861.

Supreme Court of Oklahoma.

July 17, 1973.

Lyons & Dean by Larry D. Stuart, Legal Intern, Pryor, Okl., for appellant.

Wilkerson & Moore by Ronald H. Evans, Legal Intern, Pryor, Okl., for appellees.

HODGES, Justice.

Andrew James Williams (Williams), appellant, filed suit in the District Court of Mayes County, Oklahoma, for damages which resulted from assault and battery on his person allegedly committed by Bennie Pinkerton, Gary Trout, Reggie Holt, George Caldwell, and others, who were subsequently dismissed from the action. Pinkerton and Trout were the only defendants represented by counsel. Holt and Caldwell defaulted.

The cause was tried to a jury before District Judge John Q. Adams, who left the courtroom after the jury retired to consider the verdict. Counsel for both parties stipulated that the verdict could be received by the Associate District Judge, Edwin M. Moore.

The jury drafted a question for the court which inquired as to how the judgment would be shared among the defendants Pinkerton and Trout, and the defaulting defendants, Holt and Caldwell. An effort was made to locate Judge Adams to answer the question. After a delay of half an hour or more without response to its question, the jury returned a verdict for Williams against the defendants Pinkerton and Trout in the sum of four thousand dollars.

The verdict against Pinkerton and Trout was accepted and ordered filed without objection. The trial judge then directed the jury to return a verdict in favor of Williams and against the defaulting defendants. At this time, the jury foreman again propounded the question to the court as to whether or not the judgment would be shared among the various defendants. As the result of the continued questioning by the foreman, and the discussion of joint and several liability by the court, counsel for Pinkerton and Trout requested that a poll of the jury be conducted as to the verdict entered against them.

Judge Moore subsequently polled the jurors collectively upon the directed verdict against the defaulting defendants, but not as to the verdict against Pinkerton and Trout. (Although he had asked them collectively at the time the verdict was announced if it was their verdict and all answered affirmatively).

Pinkerton and Trout filed a motion for new trial based on several allegations of error. Judge Adams granted the motion based on the allegation that the failure of Judge Moore to poll the jury upon the request of Pinkerton and Trout was error. Williams appealed the granting of a new trial. He asserts that the defendant's request for polling the jury was untimely. We agree.

In a civil case, parties are entitled as a matter of right to have the jury polled upon proper request. Levine v. Gallup Sand and Gravel Company, 82 N.M. 703, 487 P.2d 131, 132 (1971). However, it is generally agreed that the right of a party to poll the jury may be waived. Such a waiver may be implied from a failure to make a timely demand or request for a poll. Rodgers Insurance Agency v. Andersen Machinery, 211 Or. 459, 316 P.2d 497, 501 (1957). Koon v. Phoenix Mutual Life Insurance Company, 104 U.S. 106, 26 L.Ed. 670 (1881).

The right to poll a jury is conferred by statute, 12 O.S.1971 § 585:

"When the jury have agreed upon their verdict they must be conducted into court, their names called by the clerk, and their verdict rendered by their foreman. When the verdict is announced, either party may require the jury to be polled, which is done by the clerk or the court asking each juror if it is his verdict. If any one answers in the negative, the jury must again be sent out for further deliberation."

The majority rule is that a request to poll a jury comes too late after the verdict has been received and filed. Finn v. Carnegie-Illinois Steel Corporation, 68 F.Supp. 423, 428 (D.C.W.D.Pa.1946); Applegate v. Portland Gas and Coke Co., 142 Or. 66, 18 P.2d 211, 213 (1933). The decision of the jury becomes the verdict when it is accepted by the court and recorded in the case. See Wiggins v. Dahlgren, 405 P.2d 1001, 1003 (Okl.1965). It is not a constitutional right and will be considered waived unless a timely request is made.

By virtue if the statute, 12 O.S. 1971 § 586, a poll is authorized after the clerk has asked the jury if the verdict is theirs. If there is no disagreement with the verdict expressed by the jurors and neither party requires the jury to be polled in conformance with 12 O.S.1971 § 585, the verdict is complete and the jury is discharged from the case. A poll of the jury must be had immediately on return of the verdict in open court and before debate or discussion thereof. See Finn v. Carnegie-Illinois Steel Corp., 68 F.Supp. 428 supra. Lipscomb v. Cox, 195 N.C. 502, 142 S.E. 779, 781 (1928).

In order to be effectual, the verdict of the jury must be free from outside influence of any kind of nature. The verdict of the jury is sacred, and should represent the concurring judgment and reason of the entire jury. Lipscomb v. Cox, 142 S.E. p. 781 supra, citing Trantham v. Elk Furniture Co., 194 N.C. 615, 140 S.E. 300, 301 (1927).

To permit the jury to be polled subsequent to further discussion of the case, could give cause to the jurors to change their mind and desire to reevaluate the verdict as many times as there was discussion in their presence followed by a request to poll.

The failure of the defendants to request a poll when the verdict against them was announced, or to object to the collective polling of the jury at that time, constituted waiver of their right to request individual polling after the verdict was filed. A request for polling after discussion is ineffectual and untimely. For the preservation and integrity of the jury system, we can countenance no other rule.

The order of the trial court is reversed with directions to enter judgment for Williams and against Pinkerton, Trout, Caldwell, and Holt.

DAVISON, C. J., WILLIAMS, V. C. J., and BERRY, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., dissents.