Juanita HOLDEN, Appellee,

v.

Herman H. COUSSENS, Appellant.

No. 49743.

Supreme Court of Oklahoma.

March 14, 1978.

Stipe, Gossett, Stipe & Harper, Gene Stipe, Eddie Harper, Oklahoma City, for appellee.

Best, Sharp, Thomas & Glass, Joseph A. Sharp, Jack M. Thomas, Tulsa, for appellant.

DOOLIN, Justice.

We hold trial court's granting plaintiff's motion for new trial on this comparative negligence verdict was an abuse of discretion. A trial court's discretion in granting a new trial is not unqualified but it is sound legal discretion to be exercised in

accordance with recognized principles of law.[1]

In this case the jury returned the following verdict:

### "VERDICT

We, the jury, empaneled and sworn in the above entitled cause, do, upon our oaths, find as follows:

1. Plaintiff's negligence (0% to 100%)    40 %
2. Defendant's negligence (0% to 100%)    60 %
    (1 and 2 must total 100%)    100 %

The following shall be answered only if the percentage of plaintiff's negligence is of a lesser percentage than the negligence of the defendant.

3. We find the total amount of damages sustained by the plaintiff, *disregarding the percentages* of negligence of the plaintiff and defendant is the sum of $12,500.00." (Emphasis supplied).

This verdict form is a standard verdict form used by many Oklahoma Courts in comparative negligence actions. There was no timely objection made to the verdict form by either party except for the insistence by plaintiff's attorney the trial court remove the bottom portion of the verdict form. The part removed was for trial court's use and explained how the judge computes the amount, if any, that will be awarded. The deleted portion provided as follows:

"FOR TRIAL JUDGE USE ONLY:

Upon the above verdict, the Court finds as follows, to wit:

1. For Plaintiff:
    Total damages disregarding the percentage of negligence   $_____
    Less percentage of plaintiff's negligence   $_____
    Net to Plaintiff   $_____
2. For Defendant:   $_____"

After jury deliberation and return, the above verdict was read in open court by the following exchange:

"COURT:

We, the jury, empaneled and sworn in the above entitled cause, do upon our oaths, find as follows, # 1, the plaintiff's negligence 40%, the defendant's negligence 60%, which totals 100%.

No. 3, we find the total amount of damages sustained by the plaintiff, disregarding the percentage of negligence of the plaintiff and defendant, in the sum of $12,500.00. Is that the verdict of the nine and I will read the names signed Patricia A. Leeper, Glen R. Fields, Darrell Turner, Mr. Doctorman, Mr. Ryland Schroder, Carl R. Leeper, Yancy Etchison, W. D. Shores, and Marthie Lalli, is that the verdict of each and all of you?

*All nine jurors answer yes.* (Emphasis supplied).

COURT:

Now, I have a little computation to do here. Upon the above verdict, the court finds as follows, to-wit: For the plaintiff disregarding the percentage of negligence, $12,500.00 less percentage plaintiff's negligence being $5,000.00 net to the plaintiff of $7,500.00 does that agree with your computation?

DEFENDANT'S COUNSEL:

Yes.

COURT:

Alright, Ms. Clerk record the verdict.

PLAINTIFF'S COUNSEL:

Your Honor, could we poll the jury to see if that is their *intention*? (Emphasis supplied).

COURT:

Yes.

DEFENDANT'S COUNSEL:

Now, wait a minute, I don't know whether question of intention or not, Your Honor, I would object to the intention, I mean I think the verdict would speak true.

COURT:

I think the verdict does speak for itself, I told them—

DEFENDANT'S COUNSEL:

At this point I think the jury would be called upon to impeach—

---

1. *St. Louis-San Francisco Railway Company v. Davis,* 399 P.2d 463 (Okl.1965).

PLAINTIFF'S
COUNSEL:

What confuses me is whether or not excluding the defendant's negligence is the only point I have—

DEFENDANT'S
COUNSEL:

The verdict form was approved by both sides, Your Honor, and it's a question of administration after the blanks are filled in and this would go to impeaching a jury verdict, I would object to any questions being asked at this point.

COURT:

I think that is right, Mr. Harper.

PLAINTIFF'S
COUNSEL:

Note our objection.

COURT:

Alright. The objection is overruled. Exception allowed. Record the verdict Ms. Clerk."

Plaintiff made a motion for new trial. Upon hearing, in support of her motion, she presented two jurors as witnesses. The trial court, over continuing objection of defendant, permitted these witnesses to testify they intended to award plaintiff the entire $12,500.00 unreduced by her 40% negligence. Trial court sustained plaintiff's motion and granted a new trial. Defendant appeals, claiming trial court erred in granting a new trial on the basis of impermissible testimony of the jurors impeaching their verdict.

■ Plaintiff responds to this appeal, asserting the error of the trial court requiring a new trial was its failure to poll the jury. In her brief referring to the above quoted return of the verdict, plaintiff conveniently omits the statement, "All nine jurors answer yes." We must assume this omission is inadvertent for this statement reflects that jury was polled as to whether the verdict as read was in fact its verdict. Counsel's request to ask jury its *intent* behind the verdict was not a request to poll the jury as contemplated by 12 O.S.1971 § 585.[2]

■ Counsel for plaintiff did not seek any further polling until after judge had done his computations, announced and accepted the verdict. In *Williams v. Pinkerton,* 512 P.2d 809 (Okl.1973), we held a poll of the jury must be had *immediately* on return of the verdict in open court before any debate or discussion thereof. A verdict must be free from outside influence. We stated further that to permit a jury to be polled subsequent to further discussion of the case could give cause to the jurors to change their minds and desire to re-evaluate the verdict as many times as there was discussion in their presence followed by a request to poll. *Williams v. Pinkerton, supra,* also stands for the proposition that failure of the plaintiff in the instant case to object to the collective polling of the jury or individual polling constituted waiver of her rights after computation and annunciation by the court has transpired.

In *Bulk Transport, Inc. v. Jones,* 536 S.W.2d 134 (Ark.1976) cited by plaintiff, the Arkansas Court had inadvertently used a jury instruction that told *jury* to reduce plaintiff's judgment in proportion to his negligence. Trial court sent the jury back for further deliberations when it discovered the mistake. The court held this was not error. In that case the form of verdict was improper while here it was not. Further in that case there was no motion for new trial based on impeaching testimony of a juror.

Plaintiff did not object to the instructions or to the form of the verdict submitted. If she desired the verdict form to be more explicit, her request should have been made prior to its submission to the jury.[3]

2. 12 O.S.1971 § 585 provides: "Delivery of verdict.—When the jury have agreed upon their verdict they must be conducted into court, their names called by the clerk, and their verdict rendered by their foreman. When the verdict is announced, either party may require the jury to be polled, which is done by the clerk or the court asking each juror if it is his verdict. If any one answers in the negative, the jury must again be sent out, for further deliberation."

3. It can be argued the removal of a portion of verdict form on request of her counsel may have led to confusion of jury. A party cannot

In *Downum v. Muskogee Stockyards and Livestock Auction, Inc.*, 565 P.2d 368 (Okl.1977) we held a trial court did not err in refusing a new trial on the basis of a juror's affidavit. The affidavit stated verdict which found plaintiff's fault to be 45%, defendant's fault to be 55% and damages to be $17,000.00, was intended to award plaintiff a total of $17,000.00 rather than 45% of $17,000.00. The same theory applies here. Public policy does not allow jurors to be heard by affidavit or otherwise as to how, or what factors were considered in rendering a verdict unless there be actionable or criminal overtones present. The admission of testimony of intent of jurors at hearing on motion for new trial in this case was error.

REVERSED AND REMANDED with instructions to enter verdict in favor of plaintiff for $7,500.00.

LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

complain of errors he has helped to create. See *St. Louis-San Francisco Railway Company v. King*, 278 P.2d 845 (Okl.1954); *Aronson v. Aronson*, 468 P.2d 493 (Okl.1970).