A. P. VAUGHN & Gladys Vaughn, d/b/a Elm Point Grocery & Service Station, Appellants,

v.

TEXACO, INC., A Foreign Corporation, Crowl Oil, Inc., & James L. Crowl, Individually, Appellees.

No. 53027.

Court of Appeals of Oklahoma, Division No. 1.

April 7, 1981.

Rehearing Denied May 26, 1981.

Certiorari Denied July 20, 1981.

Released for Publication by Order of Court of Appeals July 23, 1981.

Preslie H. Brown, McAlester, for appellants.

Knight, Wagner, Stuart & Wilkerson by Alfred B. Knight, Stephen C. Wilkerson, Tulsa, for appellee Texaco, Inc.

Michael G. Smith, Ada, for appellees Crowl Oil, Inc., and James L. Crowl, Individually.

REYNOLDS, Judge:

A. P. and Gladys Vaughn, d/b/a Elm Point Grocery & Service Station (Plaintiffs), brought this negligence action against Defendants Texaco, Inc. (Texaco); and Crowl Oil, Inc. and James L. Crowl, individually (collectively referred to as Crowl), to recover personal injury and property damages sustained as the result of a fire at Plaintiffs' business. The case was tried to a jury which returned its verdict in favor of Defendants. Plaintiffs' motion for new trial was overruled. Plaintiffs appeal.

On May 31, 1976, a fire totally destroyed Plaintiffs' business. The fire was the result of the ignition of gasoline fumes present while a transport truck was unloading gasoline into the service station's underground storage tanks. The gasoline was delivered pursuant to a Sales Agreement with Texaco. Texaco had a Consignment Agreement with James Crowl for the sale of its products. The transport truck was owned by Crowl Oil, Inc., and driven by Ray Jameson, a Crowl employee.

Plaintiffs alleged that the fire and the resulting damages were proximately caused by either or both of the following: (1) Defendants', their agents' and employees' negligence in unloading the gasoline, or (2) Defendants' negligence in the placement or location of the underground storage tanks in close proximity to Plaintiffs' building.

Plaintiffs presented their evidence and rested. Defendants demurred to Plaintiffs' evidence. The trial court sustained Texaco's demurrer to Plaintiffs' evidence and dismissed Texaco as a party defendant. The trial court sustained Crowl's demurrer to Plaintiffs' evidence with respect to the allegation of negligent placement of the underground storage tanks. The only remaining issue was that of negligence in unloading the gasoline. Crowl presented its evidence and rested. After the presentation of rebuttal evidence the case was submitted to the jury. The jury rendered its verdict in Crowl's favor and the court entered judgment accordingly.

Plaintiffs appeal, contending that the trial court erred in overruling their motion for new trial. Plaintiffs assert the following grounds: (1) the trial court erred in sustaining Texaco's demurrer to Plaintiffs' evidence, (2) the trial court refused to give Plaintiffs' requested instructions, gave erroneous instructions, and failed to give basic and fundamental instructions on the applicable law; and (3) the trial court made erroneous orders, rulings and decisions,

which were objected to by Plaintiffs and which prevented them from having a fair trial.

Plaintiffs' brief indirectly asserts that the verdict is not supported by the evidence. Plaintiffs' Petition in Error asserts as error that the verdict is not supported by the evidence. An examination of Plaintiffs' Motion for New Trial fails to reveal an assertion that the jury's verdict is not supported by the evidence. Title 12 O.S.1971, § 991(a) removed the necessity of filing a motion for new trial as a pre-requisite to appeal. However, § 991(b) provides that if a motion for new trial is filed and is denied, the movant may not, on appeal, raise allegations of error that were available at the time the motion for new trial was filed, but were not included therein. Plaintiffs cannot now assert that the verdict is not supported by the evidence.

■ Plaintiffs complain of orders, rulings, and decisions which were objected to by Plaintiffs, which they contend prevented them from having a fair trial. The trial court's actions with respect to the sustention of Texaco's demurrer to Plaintiffs' evidence and the matter of the jury instructions will be hereinafter discussed. The remaining decisions of the trial court to which Plaintiffs have directed our attention are unsupported by argument or citation of legal authority showing how the trial court erred or how they were prejudiced thereby. An argument in a brief which is unsupported by citation of authority is not sufficient to overcome the presumption in favor of the correctness of the trial court's decision and will not be considered. *Keel v. MFA Mut. Ins. Co.*, Okl., 553 P.2d 160 (1976).

Plaintiffs also contend that the trial court erred in (1) refusing their requested instructions, (2) in giving erroneous instructions, and (3) in failing to give basic and fundamental instructions applicable to the case.

Our examination of the record herein presented reveals no fundamental error in the trial court's instructions to the jury.

Rule 15 of the Oklahoma Supreme Court Rules provides in part:

"Where a party complains of an instruction given or refused, he shall set out *in totidem verbis* the instruction or the portion thereof to which he objects together with his objection thereto."

Rule 3.21 of the Court of Appeals provides in part:

"Unless these rules provide otherwise, the rules in regard to practice in the Supreme Court shall apply to all petitions, motions, briefs and other instruments in cases assigned to the Court of Appeals."

Plaintiffs wholly failed to comply with these rules. Plaintiffs' briefs set out only summaries of the requested instructions and did not set out either argument or citation of legal authority in support of their conclusions that the trial court erred in refusing to give their requested instructions. Plaintiffs' briefs did not set out the instructions given by the trial court, the part thereof objected to, nor any argument or citation of authority revealing any defect therein.

■ When several requested instructions are presented and refused, it is not sufficient to present the refusal of all the requested instructions in a single assignment of error, for the purpose of having all such requested instructions reviewed. If any one of such requested instructions is wrong, no error is presented. *Griffin Grocery Company v. Logan*, Okl., 309 P.2d 1074 (1957).

■ Casual examination of the Plaintiffs' requested instructions shows that several were properly refused, either as already given or as being erroneous. Plaintiffs' requested instruction # 5, after eliminating the surplusage, was given by the trial court in its instruction # 14A. Plaintiffs' requested instruction # 3, instructing that persons engaged in the refining, storage or delivery of gasoline and petroleum products are required to use a high degree of care, is

clearly erroneous in light of *Phillips Petroleum Company v. Price*, Okl., 298 P.2d 772 (1956).

This Court is not required to hunt through the instructions given at trial for errors contained therein or find legal authority to support such conclusion which the complaining party has not gone to the trouble of pointing out. *Smith v. Kious*, Okl., 147 P.2d 442 (1944).

Plaintiffs' final proposition of error contends that the trial court erred in sustaining Texaco's demurrer to Plaintiffs' evidence.

A demurrer to the evidence should be overruled unless there is an entire absence of proof tending to show a right to recover. *Condo v. Beal*, Okl., 424 P.2d 48 (1967). Plaintiffs' action was grounded in negligence.

■ The elements of actionable negligence are: The existence of a duty on the part of the defendant to protect plaintiff from injury, breach of that duty, and injury proximately resulting therefrom. *Sloan v. Owen*, Okl., 579 P.2d 812 (1977). Plaintiffs presented no evidence at trial showing either Texaco or Crowl was responsible for the placement of the underground storage tanks on Plaintiffs' property. The trial court properly sustained the Defendants' demurrer to Plaintiffs' evidence with regard to this allegation.

■ The sole remaining issue at trial was the alleged negligence in unloading the gasoline. Texaco's liability was predicated on that of Crowl, whose liability was predicated on the negligence of its employee, Ray Jameson. The jury returned its verdict in favor of Crowl. It is a well settled rule of law that where a plaintiff's cause of action is predicated on the alleged acts of negligence by an employee (agent) which in turn is attributable to the employer (principal) under the rule of respondeat superior, and the employee (agent) is exonerated from blame, the employer (principal) is likewise exonerated. *Missouri, Kansas and Texas Railroad Company v. Stanley*, Okl., 372 P.2d 852 (1962).

Thus, even if the trial court erred in sustaining the demurrer to Plaintiffs' evidence, the jury's verdict exonerates Texaco from liability.

A motion for new trial is addressed to the trial court's discretion. Such discretion is not unqualified. It is a sound legal discretion to be exercised in accordance with recognized principles of law. *Holden v. Coussens*, Okl., 576 P.2d 758 (1978). Every presumption of correctness is indulged in favor of the trial court's ruling on appeal. *Bennett v. Hall*, Okl., 431 P.2d 339 (1967). Its decision will not be disturbed on appeal in the absence of an abuse of discretion. *Nu-Pro, Inc. v. G. L. Bartlett & Co., Inc.*, Okl., 575 P.2d 618 (1977).

A careful examination of the record herein presented and the arguments of counsel convinces us that the trial court properly overruled Plaintiffs' motion for new trial.

AFFIRMED.

BOX, P. J., and WILSON, J., concur.