**Jane G. WEST and Ralph E. West,
Plaintiffs,**

v.

**Ruth SHIZUKO TAN, individually and
doing business as Banyan Inn,
Defendant.**

Civ. No. 1729.

United States District Court
D. Hawaii.

May 7, 1962.

Skinner, Bennett & Ornelles (by Axel Ornelles), Honolulu, Hawaii, for plaintiffs.

Thomas M. Waddoups, Richard C. Knight (by Thomas M. Waddoups), Honolulu, Hawaii, for defendant.

TAVARES, District Judge.

At the trial of this action, the defendant moved for a directed verdict in her favor. The Court reserved decision on the motion and submitted the case to the jury. The jury returned a verdict in favor of the plaintiffs, after which the defendant made a motion that the verdict be set aside and that judgment be entered in her favor, or in the alternative that a new trial be granted.[1]

---

1. The Motion reads as follows:
"MOTION TO SET ASIDE JUDGMENT AND FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR IN THE ALTERNATIVE A MOTION FOR A NEW TRIAL

"Comes now the defendant above named and moves this Honorable Court that the verdict herein be set aside and judgment notwithstanding the verdict be entered in her favor, or in the alternative that a new trial be granted, for the following reasons:

"1. The Court took under advisement the granting of a directed verdict at the time a motion therefor was made at the close of the case and before it was referred to the jury, and the Court should now grant that motion.

"2. That as a matter of law the plaintiff Jane G. West was at best a mere licensee when she entered the band plat-

The entire evidence indicates that at the times the plaintiff ascended upon and descended from the band platform, she was a mere licensee as to the platform, although she was a business invitee as to the dining area of the defendant's restaurant. The band platform was away from the dining area of the restaurant, raised, unoccupied and comparatively dark, whereas the rest of the premises were lighted. This, in itself, is evidence that it was maintained for the use of a band and not for the use of guests of the restaurant. The plaintiff, Jane G. West, asked and received permission to play the piano, which was on the platform, for her own personal benefit and pleasure, she wanting to play for her companions, and not for the benefit of the defendant owner of the premises. The platform was eight inches above the dance floor, a not unusual height for such a platform. Its sides were of gray concrete and were readily noticeable and perceptible to anyone with ordinary sight, which Mrs. West had. The plaintiffs had no trouble stepping up onto the platform.

Mrs. West was fully aware of the condition of the platform at the time. It was so dim on the platform that Mr. West had to insert a light cord in a socket and hold a lighted electric bulb near her sheet music to enable her to read it. According to her own testimony, when she arose to return to her table in the dining area she was fully aware of the fact that both the platform and the dance floor were of a dark color that made one blend into the other and made it difficult to distinguish the edge of the platform. Nevertheless, by taking short steps she found the edge by feel, so to speak, stepped down, knowing there was a step there, and simply miscalculated the distance her descending foot had to travel, turned her ankle, fell and suffered the injuries complained of.

There is nothing in the evidence to show any willful, wanton or reckless negligence, or any negligence at all, on the part of the defendant or anyone acting in her behalf. Since Mrs. West actually saw and knew of the condition of the platform at the time herein involved, there was no breach of any supposed duty to warn her.

form, and there is no evidence of wilful, wanton or reckless negligence on the part of defendant or anyone acting in her behalf.

"3. That even if the plaintiff Jane G. West be considered an invitee at the time she entered the band platform, before descending therefrom she was fully aware of the condition of the premises and therefore there was no duty on the part of defendant to warn her thereof.

"4. That as a matter of law the condition of the premises was readily apparent to the senses of an ordinary person and was admittedly apparent to plaintiff Jane G. West, and under the language of Instruction No. P18 defendant was entitled to a directed verdict as a matter of law.

"5. That the verdict reflects that it was arrived at as a result of prejudice and passion based upon the sympathy of the jury and not upon the facts of the case nor upon the instructions of the Court.

"6. That plaintiff was guilty of contributory negligence as a matter of law and should therefore not recover.

"7. That a manifest injustice has been done by the jury in returning its verdict, and upon the law and the evidence defendant is entitled to judgment.

"8. That the jury manifestly either misunderstood the evidence or did not hear it, and manifestly failed to apply the instructions of the Court to the evidence.

"This motion is based upon the provisions of Rule 50(b) and Rule 59 of the Federal Rules of Civil Procedure [28 U.S.C.A.] and upon the whole record herein, and upon the memorandum of authorities hereto attached.

"DATED: Honolulu, Hawaii, March . . .."

The Court is aware of Johnson v. New York, N. H. & H. R. Co., 1952, 344 U.S. 48, 73 S.Ct. 125, 97 L.Ed. 77, but believes that the Motion for Judgment Notwithstanding the Verdict sufficiently complies with the requirements of Rule 50(b), Federal Rules of Civil Procedure as interpreted by that decision, even though judgment was actually entered before the written motion was filed and the written motion does not expressly pray that the judgment be set aside.

Under all the circumstances, the Court finds, as a matter of law, that plaintiff, Jane G. West, was a mere licensee as to the band platform at the time herein involved, that there was no negligence, ordinary or willful, wanton or reckless, on the part of the defendant or anyone acting in her behalf and that, regardless of whether said plaintiff was an invitee or licensee, said plaintiff assumed whatever risk there was, if any, when she ascended upon and descended from, the band platform.

Any cause of action which plaintiff, Ralph E. West, might have herein depends upon a cause of action in plaintiff, Jane G. West.

Inasmuch as a new trial would be of no benefit to plaintiffs,

IT IS HEREBY ORDERED that the judgment heretofore entered herein is set aside, that a new trial is denied, that the verdict of the jury heretofore returned herein is set aside and that judgment be entered in favor of defendant, without costs to any party.