Claire R. HART and Alfred L. Hart,
Plaintiffs,

v.

Myra FISHER and Thomas O. Wells and
Jean J. Wells, Defendants.

Civ. No. 2158.

United States District Court
D. Hawaii.

Feb. 11, 1966.

———◆———

Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel by Burnham H. Greeley, Honolulu, Hawaii, for defendant Myra Fisher.

H. William Burgess, Honolulu, Hawaii, for defendants Thomas O. Wells & Jean J. Wells.

E. D. Crumpacker, Honolulu, Hawaii, for plaintiffs.

TAVARES, District Judge.

Defendants move for summary judgment in this "slip and fall" case. Jurisdiction is based upon diversity of citizenship.

The complaint alleges that when Mrs. Hart was injured, she and her husband were business invitees in the home of defendant Fisher, who rented the premises from defendants Wells.

As Mrs. Hart was leaving the split-level living room of defendants, she fell from the upper to the lower level. Mrs. Hart was then 73 years of age. The term "split-level living room" is used without prejudice to defendants' possible contention that these may be two separate rooms with a wide doorway between at the line of the split level.

Mrs. Hart had been warned about the step, by defendant Fisher, when they entered the split-level living room. About an hour passed, during which defendant Fisher served an alcoholic beverage to those present, including Mrs. Hart. As the plaintiffs were taking their leave, they took several steps backward toward the step in the middle of the room, while in conversation with defendant Fisher. As Mrs. Hart turned toward the front door and took a step toward it, she stepped off the upper level and fell, apparently having forgotten the existence of the split-level feature of the living room. The entire living room, including the riser (or vertical portion) of the step, was covered with continuous wall-to-wall carpeting of the same color throughout, making the step less noticeable than it would have been if the two levels were of different colors or materials.

■ The Motion for Summary Judgment is based on the assumption that plaintiffs were social guests of defendant Fisher; but the complaint alleges that plaintiffs were business invitees, and the depositions contain suggestions that defendant Fisher was trying to interest plaintiffs in purchasing real estate. Thus, at the outset the Court is faced with a genuine issue as to a material fact.

Defendants argue that in any event, plaintiffs were warned about the hazard

**24**

that caused the injuries complained of; but it will remain for the trier of the facts to determine whether the warning was adequate. An appreciable period of time passed after the warning was given and it is relevant that Mrs. Hart was advanced in years and had been served an alcoholic beverage by defendant Fisher. It would also be permissible for the trier of the facts to consider whether defendant Fisher was distracting plaintiffs by conversation as plaintiffs moved backward toward a hazard which certainly was better known to defendant Fisher than to the plaintiffs.

Defendants cite the case of Jahn v. Tierra Verde City, Inc., Fla.App., 166 So. 2d 768 in which a motion for summary judgment was granted to the defendant in a case somewhat similar to the case at bar. That decision was based upon the earlier case of Bowles v. Elkes Pontiac Co., Fla., 63 So.2d 769, which was also a slip and fall case. In Bowles four justices reversed the lower court which had dismissed the complaint; on rehearing, before a panel that included three additional justices, the holding was reversed, but with three of the original four justices dissenting. But the most recent Florida case on the subject indicates that Florida has receded somewhat from the Bowles decision. Milby v. Pace Pontiac, Inc., Fla.App., 176 So.2d 554 distinguished the Bowles case and reversed the lower court which had dismissed the complaint. It is interesting to note that the Milby case apparently involved a fall on the same premises as the Bowles case and at the same place on those premises.

Defendants also cite West v. Tan, 208 F.Supp. 708 (D.Haw.1962), affirmed, 322 F.2d 924, 926 (9 Cir. 1963). But the Tan case did not involve a motion for summary judgment; there the decision of the court was rendered after all of the evidence was in. Furthermore, the facts in Tan were utterly unlike the case at bar. There the plaintiff was a mere licensee; she knew she was in a very dark area; and knew at the time she fell of the existence of the step. In fact, she was feeling for it with her foot in the dark at the time she fell.

Because here there are several genuine issues as to material facts, the motion for summary judgment must be, and hereby is, denied.