EARL H. THOMA AND BARBARA E. THOMA, HUSBAND AND WIFE, APPELLANTS, v. AL GASPER, BILL STREMMEL, TRANSAMERICAN INSURANCE AGENCY, INC., AND BILL STREMMEL MOTORS, INC., RESPONDENTS.

No. 6951

May 14, 1973                    509 P.2d 967

*Erickson & Thorpe,* of Reno, for Appellants.

*Frank R. Petersen,* of Reno, for Respondents.

## OPINION

*Per Curiam:*

This is a fraud and deceit action commenced by Earl H. Thoma and his wife, Barbara, against Al Gasper individually and as agent for the other defendants, Bill Stremmel, Bill Stremmel Motors, Inc., and Transamerican Insurance Agency, Inc.

A jury, upon conflicting evidence, found for the plaintiffs and assessed damages against the corporate defendants, Bill Stremmel Motors, Inc., and Transamerican Insurance Agency, Inc., but also found in favor of the individual defendants, Gasper and Stremmel. Consequently, the corporate defendants moved for judgment notwithstanding the verdict on the premise that liability could not be imposed upon them if their agent, Gasper, was absolved from liability. The plaintiffs also filed a motion for judgment n.o.v. seeking judgment against the individual defendants for the identical sums assessed against the corporate defendants. The motion of the corporate defendants was granted. The motion of the plaintiffs was denied as not timely filed. This appeal followed.

The plaintiffs' claim for relief rested squarely on the proposition that the conduct of the agent, Gasper, fixed his liability as well as the liability of his principals and codefendants. However, the jury was never advised that if Gasper was found not

liable, his principals likewise must be absolved. Missouri, Kansas & Texas Railroad Co. v. Stanley, 372 P.2d 852 (Okl. 1962). Neither was the jury instructed that if Gasper was found liable, his principals also must be found liable. The form of verdict submitted to the jury permitted the inconsistent conclusions which it reached. Since there is evidence to support each conclusion, and since the jury obviously was confused as to the law, we set aside the order entered upon the respective motions for judgment n.o.v. and remand for a new trial.