Gary W. HORNING, Plaintiff,

·v.

COUNTY OF WASHOE, a political subdivision of the State of Nevada; City of Reno, a municipal corporation; Paul C. Leo, James Dickinson, Donald Dalton, Cecil Pearson and Alicia Reidel, Defendants.

No. CV–R–83–201–ECR.

United States District Court,
D. Nevada.

Nov. 21, 1985.

Gary C. Backus, Reno, Nev., for plaintiff.

Jack Angaran of Shamberger, Georgeson, McQuaid & Thompson, Reno, Nev., for Alicia Reidel and City of Reno.

Edward Dannan, Asst. Dist. Atty., and Erickson, Thorpe, Swainston & Cobb, Ltd., Reno, Nev., for defendants Leo, Dickinson, Dalton, Pearson and Washoe County.

## MEMORANDUM DECISION AND ORDER

EDWARD C. REED, Jr., District Judge.

The Court directed a verdict in favor of defendant County of Washoe on the plaintiff's federal civil rights claims. The grounds for the ruling were that no custom, policy or practice of the County had been shown as to the 42 U.S.C. § 1983 claims and that no evidence of any invidious animus had been presented as to the 42 U.S.C. § 1985 claims. The defendants' motion for a directed verdict was denied as to pendent state claims alleging false arrest, false imprisonment and use of unnecessary force, so that those claims were submitted to the jury.

The jury returned unanimous verdicts in favor of all four individual defendants, who were officers and employees of the County's Sheriff Department. However, the jury also returned a unanimous verdict in favor of the plaintiff against the defendant County, and assessed damages in the sum of $30,000.

No evidence was presented during trial that would support a verdict against the County based on its own independent tortious conduct. In denying the County's motion for a directed verdict dismissing the pendent state claims prior to the case being submitted to the jury, however, the Court had pointed out that the four individual defendants had been acting within the scope of their employment; therefore, the jury could reach a verdict against the County based on respondeat superior if it found that any of the individual defendants were liable to the plaintiff.

The issue of the apparent inconsistency of the verdicts was discussed, outside the presence of the jury, prior to the discharge of the jurors. The Court offered to entertain a motion to resubmit the case to the jury for further consideration. The defendants' counsel stated that he did not wish to make such a motion. Counsel for the plaintiff indicated that he did not feel that inquiry could be made of the jurors as to the reasoning behind their verdicts. The Court advised him that he would be expected, in post-trial papers, to present a theory whereunder the jury could have found independent tortious conduct by the County, in light of the jury's finding of no liability on the parts of the individual defendants. He has attempted to accomplish this by filing a motion to amend the amended complaint to conform to the evidence. His theory is that the County was negligent in training the four individual defendants (although the § 1983 claim against the County was dismissed because no practice concerning training had been shown). The plaintiff's injuries, it is contended, give rise to an inference that the handcuffs were improperly applied.

Washoe County Sheriff's Deputy Don F. Dalton, Jr., testified during the trial that he had given classes in handcuffing to other

deputies. He taught that a finger should be put on the wrist as the handcuffs were tightened, so that they would not be adjusted too tightly. Witness Dalton had gone to the scene of the plaintiff's arrest in response to a radioed call for assistance. The witness testified that twice he had run his finger under the plaintiff's handcuffs, and found them to be properly adjusted. He said that he had seen no wrist bruises, but if any bruises were incurred by the plaintiff they would have been self-inflicted during his struggles with the arresting officer. Mr. Dalton also testified that pulling up an arrestee by the handcuffs would be unprofessional, although it would not likely cause injury. Such conduct was not sanctioned by the Sheriff's Department, he said.

Mr. William Savage was called by the plaintiff as a rebuttal witness. After giving his law enforcement and investigative work credentials, he testified that clearance for a finger under handcuffs could be too loose, depending on the size of the finger. If the arrestee was sweating or spit on his hands, he might be able to slip off the handcuffs. Mr. Savage further stated that he has seen suspects pulled up by their handcuff chains.

The plaintiff also has timely filed an Fed. R.Civ.P. 59(e) motion to amend the judgment so as to assess the $30,000 damages against the individual defendants, the same as against the County. In the alternative, he moves for a new trial as to all issues, pursuant to Fed.R.Civ.P. 59(a).

Defendant Washoe County has filed its own timely motion to alter or amend the judgment, under Rule 59(e), so as to reflect no liability on the part of the County. Its position is that, as a matter of law, the verdict against the County cannot stand when the jury has exonerated the agents through which it acted. The concluding sentence of the County's reply points and authorities sets forth clearly the relief it seeks: "Therefore, the COUNTY OF WASHOE respectfully requests that this Court correct the inconsistency by vacating the judgment against the COUNTY and entering a judgment in favor of WASHOE COUNTY and against the Plaintiff, GARY HORNING."

■ There is authority to support defendant Washoe County's position that a Rule 59(e) motion to alter or amend the judgment encompasses the situation where the movant asks not only that the existing judgment be vacated but also, as here, that a new judgment in favor of the moving party be entered. *Greengrass Enterprises, Inc. v. Rotfeld*, 83 F.R.D. 159, 161 (E.D. Pa.1979); *Steward v. Atlantic Refining Co.*, 235 F.2d 570, 572 (3rd Cir.1956); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir.1979). The denial of the County's motion for a directed verdict as to the pendent state claims was conditioned on the plaintiff being able to present a theory that would support the verdict against the County in light of the jury verdicts finding that the individual County employees were not liable to the plaintiff. This he has not succeeded in doing. There was not sufficient evidence presented to go to the jury as to any negligence on the part of the County in training its employees. Nor was there sufficient evidence that such training was the proximate cause of the plaintiff's injuries. In the procedural posture of this case, the Court feels that the County's motion to alter or amend the judgment is more appropriately treated as a Fed.R. Civ.P. 50(b) motion for judgment notwithstanding the verdict (judgment n.o.v.). A technically perfect formal motion, although desirable, is not absolutely essential. *Shaw v. Hines Lumber Co.*, 249 F.2d 434, 439 (7th Cir.1957); *First Safe Deposit Nat'l Bank v. Western Union Tel. Co.*, 337 F.2d 743, 746 (1st Cir.1964); *Bachtel v. Mammoth Bulk Carriers, Ltd.*, 605 F.2d 438, 441–42 (9th Cir.1979), *jdgmt. vac. on oth. gds.* 451 U.S. 978, 101 S.Ct. 2301, 68 L.Ed.2d 835 (1981); *West v. Shizuko Tan*, 208 F.Supp. 708, n. 1 (D.Haw.1962). The County did make a timely motion for a directed verdict at the close of the evidence. It also made a timely motion to vacate the judgment against it and enter one in its favor against the plaintiff.

Therefore, the conditions precedent to a Rule 50(b) motion have been met. The Court will resolve the instant motion in accordance with the sentence of the Rule that reads: "If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed."

 Where a plaintiff's claim for relief is predicated on wrongful acts of employees which are attributable to their employer under respondeat superior, and all the employees are exonerated of blame by the trier of fact, the employer may not be held liable. *Vaughn v. Texaco, Inc.,* 631 P.2d 1334, 1337 (Okla.App.1981); *Seaboard Air Line Railroad Co. v. Coastal Distributing Co.,* 273 F.Supp. 340, 343 (D.S.C. 1967); *Thoma v. Gasper,* 89 Nev. 170, 509 P.2d 967, 968 (1973). This being the exact situation in the instant action, the jury verdicts and the judgment based thereon cannot stand.

 In a case where the verdict was in favor of the plaintiff, but in the court's judgment no case has been proved by the plaintiff, the court may set the judgment aside and order judgment in favor of the defendant pursuant to Rule 50. *Guerrero v. American-Hawaiian Steamship Co.,* 222 F.2d 238, 244 (9th Cir.1955). In ruling on a motion for a directed verdict or for a judgment n.o.v., the court must view the evidence and all reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. *Shaw v. Hines Lumber Co.,* at 249 F.2d 439. It is essential that the issue of the sufficiency of the evidence have been directly before the court. *Bachtel v. Mammoth Bulk Carriers, Ltd.,* at 605 F.2d 441–42. The memoranda of points and authorities in support of and in opposition to the instant motions argue in considerable detail the sufficiency of the evidence to support the verdict and judgment against the County. Also, it is imperative that the plaintiff has been afforded a meaningful opportunity to urge the court to order a new trial, rather than to award a judgment n.o.v. *Shaw* at 249 F.2d 438. The plaintiff's points and authorities have argued vigorously the impropriety of awarding judgment to the County in this case, in that the law allows only the granting of a new trial. As discussed above, the Federal Rules of Civil Procedure, and especially Rule 50(b), do not so limit the Court's options.

It was the plaintiff's burden at trial to persuade the jurors by a preponderance of the evidence that at least one of the County's employees acted unlawfully toward the plaintiff. The jury returned verdicts finding in favor of all four of the employees who were named as defendants. Nor was there any evidence that any unnamed County employee had wronged the plaintiff. There was no evidence of any independent tortious conduct by the County; the best the plaintiff could do was to speculate that the plaintiff's injuries may have resulted from improper handcuffing. The verdicts in favor of the individual defendants necessarily imply that the jury found to the contrary. Because the County is entitled to a judgment n.o.v., there is no need to discuss the plaintiff's motions to amend the amended complaint and to alter or amend the judgment or, in the alternative, to order a new trial.

IT IS, THEREFORE, HEREBY ORDERED that the Judgment entered August 21, 1985, as amended September 11, 1985, in favor of the plaintiff and against defendant County of Washoe be vacated and set aside. The Judgment in favor of defendants James Dickinson, Donald Dalton, Paul C. Leo and Cecil Pearson shall not be disturbed by reason of this Order.

IT IS FURTHER ORDERED that Judgment be entered in favor of defendant County of Washoe and against the plaintiff.

IT IS FURTHER ORDERED that in the event the Judgment for defendant County of Washoe to be entered herein is reversed on appeal, the alternative motion of the plaintiff for a new trial be denied because his failure to take advantage of the opportunity to resubmit the case to the jury

before the jurors were discharged constituted a waiver of his right to complain of inconsistent verdicts.

IT IS FURTHER ORDERED that the plaintiff's motion to alter or amend the Judgment be denied.

IT IS FURTHER ORDERED that the plaintiff's motion to amend the amended complaint to conform to the evidence be denied.