109 A.2d 786 (1954)
Frank PITTS, Merle Coker, Appellants,
v.
William Thomas WHITE, Appellee.
Supreme Court of Delaware.
December 8, 1954.
W. Howard Thompson, Georgetown, for appellants.
Samuel R. Russell, of Tunnell & Tunnell, Georgetown, for appellee.
SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.
BRAMHALL, Justice.
This is a motion to dismiss appeal. The question presented is: Does the appeal filed in this case set out an abuse of discretion on the part of the court below in denying a motion for a new trial and to set aside judgment under Rule 60(b) (6) of the Superior Court, Del.C.Ann.?
The appellants (hereinafter plaintiffs) instituted suit in the Superior Court to recover damages arising out of an automobile *787 accident. At the trial before the court and jury on March 6, 1953, the jury rendered a verdict in favor of the defendant. On May 19, 1953, plaintiffs filed a motion for a new trial and to set aside judgment under Rule 60(b) (6) of the Superior Court upon the grounds: (1) that the jury panel for the term of court in which this case was tried was drawn in the absence of one of the jury commissioners; and, (2) that the said jury panel was drawn three months prior to the commencement of the term of court. Plaintiffs further alleged that the facts relative to the drawing of the jury panel were not discovered until May 18, 1953, and that nothing appeared on the record of the trial court which would give any means of knowledge concerning the matters of which plaintiffs complain. The trial judge held that plaintiffs had not filed their motion for a new trial in accordance with Rule 59(b) of the Superior Court,  not later than ten days after the entry of judgment,  and that therefore plaintiffs' motion as far as it concerned a new trial could not be heard. The trial judge, however, held that the motion was entitled to consideration under Rule 60(b) (6) of the Superior Court. On March 8, 1954, the trial judge issued an opinion, Del.Super., 103 A.2d 245, denying plaintiffs' motion to set aside judgment and grant a new trial. An order was entered on this motion on March 12, 1954. On September 10, 1954, plaintiffs served a notice of appeal to this Court in the following form:
"Frank Pitts and Merle Coker, appellants, by W. Howard Thompson, Esquire, their attorney, pray the Supreme Court of the State of Delaware to review the Order filed in Civil Action 357, 1952, in and by the Superior Court in and for Sussex County, State of Delaware, on March 12, 1954, in which the plaintiffs' Motion to Grant a New Trial and to Set Aside a Judgment was denied."
On October 21, 1954, after the filing of plaintiffs' brief, defendant filed a motion to dismiss the appeal, alleging that whereas in the notice plaintiffs based their appeal upon the refusal of the trial judge to grant the motion for new trial and to set aside the judgment under Rule 60(b) (6), the brief filed by plaintiffs in support of their appeal failed to allege an abuse of discretion on the part of the trial judge.
We think that the trial judge was correct in treating plaintiffs' motion as a motion to set aside a judgment under Rule 60(b) (6) of the Superior Court. As a motion for a new trial, plaintiffs' motion was not timely and could not therefore be considered.
Defendant contends that plaintiffs' appeal from the refusal of the trial judge to grant plaintiffs' motion must necessarily be based upon an abuse of discretion and that since plaintiffs' appeal is not bottomed on such an allegation, it must be dismissed. Plaintiffs concede the necessity of basing their appeal upon an allegation of abuse of discretion on the part of the trial judge. But they assert that such a charge is alleged, in substance if not in so many words, in their main brief and is specifically set forth in their brief in reply. Plaintiffs assert that the selection of the jury panel in the manner alleged by them makes the judgment against them null and void.
Plaintiffs' motion is necessarily predicated upon an allegation of abuse of discretion on the part of the trial judge. See Trowell v. Diamond Supply Co., Del., 91 A.2d 797. We must determine first whether or not the action of the trial judge, if improper, amounted to an abuse of discretion, and, if so, secondly, whether or not abuse of discretion is specifically alleged by plaintiffs. In considering the matter we must bear in mind that the facts of this case are quite different from those in the Trowell case. In the latter case the error complained of was one committed during the trial of the case and hence was one we could and should have reviewed by an appeal from the judgment. In the case before us the only error claimed to have been committed is the refusal to give relief under Rule 60(b) based on matters discovered after trial.

*788 Did the action of the trial judge, if improper, amount to an abuse of discretion?
The essence of judicial discretion is the exercise of judgment directed by conscience and reason, as opposed to capricious or arbitrary action; and where a court has not exceeded the bounds of reason in view of the circumstances, and has not so ignored recognized rules of law or practice, so as to produce injustice, its legal discretion has not been abused; for the question is not whether the reviewing court agrees with the court below, but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case could reasonably have reached the conclusion of which complaint is made. In re Public Service Holding Corporation, 26 Del.Ch. 436, 24 A.2d 584; Radio Corporation of America v. Philadelphia Storage Battery Co., 23 Del.Ch. 289, 6 A.2d 329. Where, however, the court in reaching its conclusion overrides or misapplies the law, or the judgment exercised is manifestly unreasonable, an appellate court will not hesitate to reverse. Adelman v. John McShain, Inc., 148 Pa.Super. 138, 24 A.2d 703; Michaels v. Moritz, 131 Pa.Super. 426, 200 A. 176; Weir v. Luz, 137 N.J.L. 361, 58 A.2d 550, 552.
In the present case, as previously stated, plaintiffs' motion raises the question of whether or not the trial judge disregarded or overrode a statute of this State which specifically prescribes the manner in which a jury panel shall be drawn in the absence of one or both of the jury commissioners. This, we think, in substance charges an abuse of discretion and raises the question of whether or not there has been an abuse of discretion on the part of the trial judge.
In the case of Weir v. Luz, supra, the situation is similar in some respects to the situation in the present case. There, a verdict for defendant was vacated for failure to comply with plaintiff's demand for a jury trial. Upon re-trial, there was a verdict for plaintiff. Defendant appealed. In reversing the lower court for abuse of discretion, the appellate court said:
"The judicial discretion invoked on an application for a new trial is not arbitrary or capricious. It is a discretion that takes account of the law, and is governed accordingly. Here, there was a plain misapprehension of the law which is correctible on error. [Citations.] It was not within the province of the Judge arbitrarily to set aside a verdict entirely regular and valid, and thereby to afford the losing party another trial of the action. The original verdict and judgment thereon are conclusive of the issue."
The question here presented is a motion to dismiss the appeal; the determination of whether or not the trial judge in denying plaintiffs' motion was guilty of abuse of discretion is not now before us. The only question presented at this time is whether or not the action of the trial judge in denying plaintiffs' motion, if improper, amounted to an abuse of discretion. We do not here pass upon the question of whether or not the action of the trial judge in this respect was proper or improper. We are of the opinion that plaintiffs' contention properly raises a question of whether or not there was an abuse of discretion on the part of the trial judge.

Is an abuse of discretion specifically alleged by plaintiffs?
We find no language in plaintiffs' main brief in which such a charge appears in so many words. The basis of plaintiffs' contention in their brief is that the drawing of the jurors in the absence of one of the jury commissioners without appointing a jury commissioner pro tempore is a violation of Title 10, Sec. 4511 of the Laws of Delaware. Plaintiffs further state that the drawing of the jury and the trying of the case under such circumstances amounted to a nullity and that plaintiffs' motion should have been granted by the trial judge.
*789 We think that the effect of plaintiffs' brief in chief, in substance, if not in specific language, amounts to an allegation of an abuse of discretion on the part of the trial judge. The trial judge is charged with overriding or misapplying the law. As previously stated, that amounts to an abuse of discretion. There was, therefore, sufficient allegation of abuse of discretion in plaintiffs' brief in chief. But, even if we should have concluded otherwise, plaintiffs' failure to have alleged an abuse of discretion in their main brief would have been cured by the specific allegation of abuse of discretion set forth in their reply brief. The only question raised, or which can be raised, by plaintiffs' notice of appeal, is the alleged abuse of discretion on the part of the trial judge in refusing plaintiffs' motion. This court unquestionably has the authority to permit plaintiffs to raise this question either by an amendment to their original brief or by including it in their brief in reply.
The motion to dismiss the appeal will be denied.