IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MARK J. ALLEN[1] | § | No. 62, 2014 |
| | § | |
| Respondent Below, | § | Court Below: |
| Appellant, | § | |
| | § | Family Court of the |
| v. | § | State of Delaware, in and for |
| | § | New Castle County |
| DENISE M. GRANGER, | § | |
| | § | File No. CN08-05008 |
| Petitioner Below, | § | Petition Nos.:  08-39172 |
| Appellee. | § | 13-36227 |

Submitted: February 18, 2015
Decided:   March 18, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

## **O R D E R**

This 18th day of March 2015, upon consideration of the parties' briefs and the record in this case, it appears to the Court that:

(1)    Respondent-below Mark J. Allen ("Allen") raises two arguments on appeal.  First, he argues that the Family Court abused its discretion in denying his Rule 60(b) motion to reopen the alimony proceeding.  Second, he argues that the Family Court erred by allowing his former spouse Denise M. Granger ("Granger") to claim living expenses that exceeded her income, and attributed expenses to Granger that lacked proper documentation.  We disagree and affirm the judgment of the Family Court.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)     Allen and Granger were legally separated on September 26, 2008. Granger filed a petition for divorce on November 21, 2008.  The Family Court issued the decree of divorce on March 13, 2012.  A financial asset report pursuant to Family Court Rule 16(c) was completed after Granger requested retention of jurisdiction for property division and alimony.

(3)     On February 28, 2013, Granger filed a motion for interim alimony. On April 1, 2013, the Family Court found that Granger had $2,929 per month in expenses.  Granger had already been receiving $1,066 per month for child support.[2]  The Family Court noted that Granger had a monthly shortfall of $1,853 even after receiving child support from Allen, whereas Allen had a budget surplus of $2,374.  The Family Court ordered Allen to pay Granger interim alimony of $1,895 per month.

(4)     On October 28, 2013, the parties appeared in Family Court and reached an agreement on property division.[3]  On November 19, 2013, the Family Court held a hearing on alimony and issued a written order on December 4, 2013. The Family Court ordered Allen to pay $769 per month for child support and $105

---

[2] Allen was ordered to pay $1016 per month in child support and was also paying an additional $50 per month towards his arrears.

[3] This agreement was finalized once the Family Court confirmed that it would accept the parties' stipulation that alimony be calculated at the next hearing via the "equalizing the cash under budget" methodology.

per month in alimony.[4]  In response to the Family Court's order, both parties filed motions for reargument.  Allen argued that Granger's expenses could not be $5,390 per month as she claimed because her only income had been $2,961 per month from Allen for child support and interim alimony payments.  Allen also argued that Granger failed to produce any evidence that accounted for $2,270 of expenses, especially considering the fact that the same expenses for Allen totaled $592.[5]

(5)     On January 10, 2014, the Family Court entered an order on the reargument motions.  Granger's expenses were reduced to $3,436 per month, and Allen was ordered to pay alimony of $1,638 per month.[6]  Combined with Allen's obligation to pay child support of $769 per month, Allen was left with $1,249 per month and Granger was left with $2,286 per month.

(6)     Both parties also suffered from medical issues during this time. Granger was involved in two car accidents -- on January 3, 2011, and on March 4,

---

[4] The Family Court noted that Allen had been earning approximately $8,425 per month when the interim alimony was ordered.  Thereafter, Allen suffered a stroke on April 6, 2013, that left him disabled.  His long-term disability income from his previous employer totaled $4,318 per month, approximately half of his pre-disability income.  Thus, after taking into account Allen's expenses, the Family Court found that Allen had a monthly surplus of $105, whereas previously, Allen had a monthly surplus of $2,374.

[5] These expenses included household maintenance, food, clothing, laundry and dry cleaning, toys and presents, cosmetics and toiletries, hobbies, hairdresser, vacation, entertainment, and miscellaneous.

[6] To calculate these payments, the Family Court utilized the "equalizing the shortfall" method of determining alimony pursuant to an agreement by the parties.

3

2011.  Allen suffered a series of serious strokes on April 6, 2013, that left him totally disabled.

(7)     After Granger's car accidents, she filed a lawsuit in the Superior Court on October 5, 2012 for damages she sustained from those accidents, including allegations of severe bodily injury, pain and suffering, medical expenses, loss of earnings and permanent loss of earning capacity.  She also filed a lawsuit in the Court of Common Pleas on December 31, 2013 for breach of contract against her automobile insurance company, alleging that she was entitled to personal injury protection benefits for medical expenses and loss of wages.

(8)     On February 7, 2014, Allen filed a motion pursuant to Rule 60(b) in the Family Court alleging that Granger had failed to disclose that she was a plaintiff in two lawsuits stemming from the two car accidents.  Allen requested that alimony payments to Granger be withdrawn and all payments returned to him.  In the alternative, Allen requested that a lien in his favor be placed on any recovery that Granger would receive from the lawsuits to reimburse him for alimony payments.  The Family Court denied Allen's Rule 60(b) motion.

(9)     This Court reviews the Family Court's denial of a Rule 60(b) motion only for an abuse of discretion.[7]  Judicial discretion is "the exercise of judgment

---

[7] *Bailey v. Bailey*, 2014 WL 1004033, at *1 (Del. Mar. 13, 2014) (citing *Johnston v. Johnston*, 2013 WL 1619408, at *1 (Del. Apr. 16, 2013); *Hoffman v. Hoffman*, 616 A.2d 294, 297 (Del. 1992); *Wife B. v. Husband B.*, 395 A.2d 358, 359 (Del. 1978)).

directed by conscience and reason, as opposed to capricious or arbitrary action."[8]

"[W]here a court has not exceeded the bounds of reason in view of the circumstances, and has not so ignored recognized rules of law or practice, so as to produce injustice, its legal discretion has not been abused."[9] The question is not whether this Court agrees with the lower court, "but rather whether it believes that the judicial mind in view of the relevant rules of law and upon due consideration of the facts of the case could reasonably have reached the conclusion of which complaint is made."[10]

(10) In his Rule 60(b) motion, Allen argued that Granger failed to explain the nondisclosure of her pending lawsuits, and that the nondisclosure was an egregious error that was overlooked by the Family Court. In the alternative, Allen argued that he should receive an equitable lien on Granger's recovery from her lawsuits because she received alimony payments based on her lack of assets and insufficient income. Allen contended that if such relief were not granted to him, Granger would be unjustly enriched.

(11) In reviewing the Rule 60(b) motion, the Family Court examined four factors, namely, whether the moving party has established one of the six

---

[8] *Pitts v. White*, 109 A.2d 786, 788 (Del. 1954).

[9] *Id.*

[10] *Id.* (citations omitted).

5

enumerated grounds for relief stated in Rule 60(b);[11] whether the party has established that there has been no unreasonable delay filing the motion; whether the party has shown that the outcome of the case would be different if the requested relief is granted; and whether the moving party has shown that the opposing party would not suffer substantial prejudice if the motion is granted.[12] A Rule 60(b) motion should only be granted upon good cause, and if each of the four factors is shown by clear and convincing evidence.[13]

(12)   With respect to the first factor, the Family Court noted that Allen did not specifically enumerate the subsections of Rule 60(b) under which he was seeking relief. However, it assumed that Allen was requesting relief under subsections (3) and (6) of Rule 60(b). Subsection (3) provides that the Family Court may grant relief if the moving party demonstrates "fraud . . . misrepresentation or other misconduct of an adverse party."[14] Subsection (6) provides that "any other reason justifying relief from the operation of the

---

[11] *See B.L.W. v. L.W.W.*, 2007 WL 4793898, at *2 (Del. Fam. Oct. 26, 2007). These grounds are: "(1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Del. Fam. Ct. Civ. R. 60(b).

[12] *See B.L.W.*, 2007 WL 4793898, at *2.

[13] *Stevens v. Stevens*, 1997 WL 619117, at *2 (Del. Oct. 1, 1997).

[14] Del. Fam. Ct. Civ. R. 60(b)(3).

judgment" may be a sufficient basis for relief.[15]  On appeal, Allen does not clarify the grounds under Rule 60(b) he was relying upon as the basis of his motion.

(13)   The Family Court held that Allen had not established that Granger's lack of disclosure was fraudulent.  The Family Court, relying upon this Court's discussion of fraud under Rule 60(b)(3) in *Casson v. Hornberger*, stated that:

> Fraud in Delaware does not consist solely of overt misrepresentations made in order to cause damage to third parties, who act in reliance upon such statements, but may also occur through deliberate concealment of facts and silence in the face of a positive duty to speak. . . .  Moreover, the very special and unique jurisdiction of the Family Court requires complete candor and fairness by parties to proceedings before it.[16]

(14)   The Family Court concluded that there was no evidence that Granger tried to conceal her potential recovery from her pending lawsuits.  Granger had attached to her Rule 16(c) Financial Report a letter from her doctor that stated, "[d]ue to injuries [Granger] suffered from motor vehicle accidents (dated January 3, 2011 and March 4, 2011) along with orthopedic and medical problems, she is currently unable to work."  Based on this letter, the Family Court held that Allen was "on notice that [Granger] sustained injuries and may have, therefore, filed a lawsuit seeking to recover damages at some point in the future."  The Family Court further noted that even with this knowledge, Allen had failed to file a Request for Production seeking information pertaining to any possible lawsuit that Granger

---

[15] Del. Fam. Ct. Civ. R. 60(b)(6).

[16] *Casson v. Hornberger*, 1991 WL 22364, at *2 (Del. Jan. 28, 1991).

may have filed. In essence, the Family Court held that Allen had turned a blind eye to the personal injuries Granger suffered and any potential recovery, but when faced with an adverse ruling, Allen filed a motion for relief based on the nondisclosure of Granger's potential recovery.

(15) The Family Court held that Granger was not required to disclose her potential recovery. Upon filing for a divorce, both parties are forbidden from concealing assets.[17] Family Court Rule 16(c) requires that both parties disclose all of their assets in a Financial Report.[18] The Family Court concluded that Granger's potential recovery was not an asset because she had not received any funds from the lawsuits. As a result, Granger had no obligation to update or disclose additional information on her Financial Report. The court ordered that "[i]n the event that [Granger] receives a settlement or proceeds from her pending personal injury claims, [she] shall promptly notify [Allen] of such a receipt."

---

[17] 13 *Del. C.* § 1509 ("Upon the filing of a petition for divorce or annulment, a preliminary injunction shall be issued against both parties to the action, enjoining them from: (1) Transferring, encumbering, concealing or in any way disposing of any property except in the usual course of business or for the necessities of life, and requiring the parties to notify the other of any proposed extraordinary expenditures and to account to the Court for all extraordinary expenditures after the preliminary injunction becomes effective. . . .").

[18] *See* Del. Fam. Ct. Civ. R. 16(c)(1) ("After the entry of a divorce decree, a petitioner requesting ancillary relief shall complete a written report in the form approved by the Court known as a Rule 16(c) Financial Report. . . ."). The Financial Report form provides, "IF ANY PARTY DELIBERATELY FAILS TO DISCLOSE INFORMATION REQUIRED IN THIS REPORT OR DELIBERATELY MISREPRESENTS INFORMATION IN RESPONSE TO QUESTIONS IN THIS REPORT, THE COURT MAY IMPOSE SANCTIONS. . . ." *See* Rule 16(c) Financial Report (Form 465), *available at* http://courts.delaware.gov/help/divorce/forms.stm.

(16) The Family Court also held that Allen had failed to establish any other reason justifying relief from the operation of the judgment. To satisfy this ground for relief, the Family Court properly noted that the movant must meet the "extraordinary circumstances" test.[19] "The 'extraordinary circumstances' standard defines the words, 'any other reason justifying relief,' in Rule 60(b)(6) as 'vest[ing] power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'"[20] "Because of the significant interest in preserving the finality of judgments, Rule 60(b) motions are not to be taken lightly or easily granted."[21] The Family Court concluded that Allen had failed to demonstrate extraordinary circumstances meriting relief under Rule 60(b)(6) for the reasons discussed above. Accordingly, the Family Court held that Allen had failed to establish any of the enumerated grounds in the Rule for relief under Rule 60(b).

(17) With respect to the second factor, namely, whether there had been any unreasonable delay in filing the motion, the Family Court held that there was no indication that Allen unreasonably delayed filing his motion. As a result, the

---

[19] *Jewell v. Division of Social Services*, 401 A.2d 88, 90 (Del. 1979).

[20] *Senu-Oke v. Broomall Condominium, Inc.*, 2013 WL 5232192, at *2 (Del. Sept. 16, 2013) (citing *Jewell*, 401 A.2d at 90; *Klapprott v. United States*, 335 U.S. 601, 615 (1949)).

[21] *Senu-Oke*, 2013 WL 5232192, at *1 (quoting *Wilson v. Montague*, 2011 WL 1661561, at *2 (Del. May 3, 2011); *MCA, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 785 A.2d 625, 634 (Del. 2001)).

Family Court concluded that Allen's claim was not deficient as it pertains to this factor. Allen does not contest the Family Court's ruling on this factor.

(18) With respect to the third factor, the Family Court held that Allen failed to show that the outcome of the case would be different if the requested relief had been granted. As noted above, Granger has yet to recover anything from the personal injuries that she sustained. Thus, even if Granger disclosed that she may have a potential recovery in the future, the Family Court noted that it would still have been faced with the same financial situation for Granger. Namely, Granger would still have been financially dependent on Allen, and thus, she would be entitled to alimony. Therefore, the Family Court concluded that Allen had failed to establish the third factor required to grant relief under Rule 60(b).

(19) With respect to the fourth factor, the Family Court noted that if Allen's motion were granted, Granger would have no money with which to support herself now and for the foreseeable future. Thus, granting Allen's motion "would certainly result in substantial prejudice" to Granger, especially since she has not yet received, and may never receive, any proceeds from her pending lawsuits.

(20) Based upon our review of this matter, we agree with the Family Court's analysis of the Rule 60(b) motion and conclude that it did not abuse its discretion. The Family Court appropriately noted that if Granger is awarded damages in the future, then she must disclose them. At that point, Allen can seek

to modify his alimony and child support payments. Allen is not foreclosed of a future remedy if Granger recovers damages from her lawsuits. Accordingly, it was not an abuse of discretion for the Family Court to find that Allen has not shown extraordinary circumstances meriting relief under Rule 60(b).[22]

(21) Finally, the Family Court referred to Allen's alternative argument to place a lien on any recovery Granger receives from the pending lawsuits, but did not explicitly rule on it. Instead, it rejected the argument implicitly through its discussion of the factors necessary to grant relief under Rule 60(b). We find no abuse of discretion in this regard.

(22) Allen also argues on appeal that it was not logical for the Family Court to determine that Granger's expenses exceeded her income. Thus, Allen contends that the Family Court should have recalculated his alimony payments to Granger.

(23) To the extent the Family Court's decision implicates rulings of law, this Court reviews them *de novo*.[23] "Findings of fact will not be disturbed, unless they are found to be clearly erroneous and justice requires they be overturned."[24]

---

[22] *See Shoreham v. Shoreham*, 2009 WL 1205832, at *4 (Del. Fam. 2009) ("A finding of extraordinary circumstances is left to the trier of fact. Extraordinary circumstances exist in situations where the moving party has otherwise been foreclosed of a remedy." (quoting *Hemphill v. Hemphill*, 1994 WL 874412, at *6 (Del. Fam. Nov. 7, 1994))).

[23] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006) (citing *In re Heller*, 669 A.2d 25, 29 (Del. 1995)).

[24] *Id.* (citing *Solis v. Tea*, 468 A.2d 1276, 1279 (Del. 1983)).

Further, a Family Court's decision "will not be disturbed on appeal if: (1) its findings of fact are supported by the record; (2) its decision reflects due consideration of the statutory factors found in 13 *Del. C.* § 1512; and (3) its explanations, deductions and inferences are the product of a logical and deductive reasoning process."[25]

(24) Under Delaware law, a party may only be awarded alimony "if he or she is found to be dependent upon the other party after consideration of all relevant factors."[26] To be dependent, the party must show that he or she: "(1) is dependent upon the other party for support; (2) lacks sufficient property to provide for his or

---

[25] *Castle v. Castle*, 2013 WL 2722185, at *2 (Del. Jun. 11, 2013).

[26] 13 *Del. C.* § 1512(b). The factors that the Family Court will consider are contained in 13 *Del. C.* § 1512(c):

(1) The financial resources of the party seeking alimony, including the marital or separate property apportioned to him or her, and his or her ability to meet all or part of his or her reasonable needs independently;

(2) The time necessary and expense required to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment;

(3) The standard of living established during the marriage;

(4) The duration of the marriage;

(5) The age, physical and emotional condition of both parties;

(6) Any financial or other contribution made by either party to the education, training, vocational skills, career or earning capacity of the other party;

(7) The ability of the other party to meet his or her needs while paying alimony;

(8) Tax consequences;

(9) Whether either party has foregone or postponed economic, education or other employment opportunities during the course of the marriage; and

(10) Any other factor which the Court expressly finds is just and appropriate to consider.

her reasonable needs; and (3) is unable to support himself or herself through appropriate employment."[27]

(25) Allen relies on *Castle v. Castle* in arguing that the Family Court erred when it calculated Granger's alimony payments based on her expenses exceeding her income. Allen's reliance on *Castle* is misplaced. In *Castle*, we found reversible error because the "[t]he Family Court accepted, *en toto*, Husband's list of claimed expenses, which were not supported by any evidence and, in some instances, were flatly contradicted by Husband's own testimony."[28] Here, the Family Court did not simply rely on Granger's testimony, but relied on the complete record before it. The Family Court considered that Granger had been disabled since June 2010, her monthly gross income was $0, and her sole source of income was the alimony and child support payments from Allen. Additionally, the Family Court went through each of Granger's listed expenses and compared the allocated amount with her testimony. Thus, the Family Court relied on the record provided to it in making its determination regarding the alimony payments. There is no evidence before us that suggests that the Family Court's determination was not the result of a logical and deductive reasoning process. Lastly, the Family Court explicitly relied on the factors outlined in 13 *Del. C.* § 1512 in calculating

---

[27] *Castle*, 2013 WL 2722185, at *2.

[28] *Id.* at *3.

the award.  We hold that the Family Court did not err in calculating the alimony payments to Granger.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice