# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JARED S. BOWERS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | C.A. No. N24A-06-003 PAW |
| | ) | |
| | ) | |
| DELAWARE REAL ESTATE | ) | |
| COMMISSION, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: November 12, 2024
Decided: January 23, 2025

*On Appeal from the Delaware Real Estate Commission;*

**AFFIRMED.**

## MEMORANDUM OPINION AND ORDER

William J. Rhodunda, Jr., Esq. and Nicholas G. Kondraschow, Esq., of Rhodunda, Williams & Kondraschow, *Attorneys for Appellant.*

A. Zachary Naylor, Esq., of the Delaware Department of Justice, *Attorney for Appellee.*

**WINSTON, J.**

## I. **INTRODUCTION**

Appellant, Jared S. Bowers, brings forth this appeal following the final order of the Delaware Real Estate Commission (the "Commission") revoking his real estate license on May 9, 2024. Bowers argues the Commission abused its discretion, committed legal error, and that its decision was not supported by substantial evidence. For the reasons set forth below, the Commission's August 2024 decision is **AFFIRMED**.

## II. **FACTS AND PROCEDURAL HISTORY**[1]

### A. THE FIRST APPEAL[2]

On July 21, July 22, and September 20, 2022, a hearing was held before a Commission Hearing Officer[3] to consider three complaints filed by the State of Delaware against Bowers, a licensed real estate broker. Bowers failed or refused to attend the first two days of the hearing, but attended the third day.[4] At the conclusion of the September 20, 2022, hearing, the Hearing Officer noted that after his recommendation is issued, "the Commission will meet and have this case on its

---

[1] Citations in the form "Tab" refer to the record of the proceeding below.

[2] Tab 7A. The facts regarding Bowers's first appeal were taken from the Court's February 28, 2024, Memorandum Opinion and Order, which is found within the Record in Tab 7A. *See Bowers v. Del. Real Estate Comm'n*, 2024 WL 862445 (Del. Super. Feb. 28, 2024).

[3] Undefined terms have the same meaning as set forth in the Final Order. *See* Tab 3.

[4] Tab 7A. Bowers's attorney participated in all three days of the hearing.

public agenda. At that time, of course, the parties and Counsel are welcome to attend and to give a final statement to the Commission, if the Commission will hear counsel on those points." On December 8, 2022, the Hearing Officer issued an 87-page recommendation (the "Recommendation"). The Hearing Officer concluded that Bowers violated the Delaware Real Estate Practices Act and recommended his license be suspended for two years with permission to apply for reinstatement after one year.

The Recommendation also permitted any party to submit exceptions, comments, or arguments concerning the conclusions of law and recommended penalty. The State's timely submission recommended the conclusions of law and findings of fact be affirmed, but argued that the recommended sanction be rejected. Instead, the State recommended permanent revocation due to the nature and extent of Bowers's violations. Neither Bowers nor his counsel submitted exceptions, comments, or arguments.

On February 9, 2023, the Commission held a public board meeting (the "First Public Meeting") concerning the Recommendation. After considerable discussion regarding whether Bowers should be permitted to address the Commission, the Commission permitted only his attorney an opportunity to provide comments. Accordingly, Bowers, who had a prepared statement, was not permitted to read his statement to the Commission and his attorney was not permitted to read the

3

statement on Bowers's behalf.  Since Bowers was not permitted to address the Commission, his attorney declined to provide comments.  After hearing comments from the State, the Commission voted and issued its final order (the "Final Order"), dated March 9, 2023, permanently revoking Bowers's license.  On March 31, 2023, Bowers filed a Motion for Reconsideration.  The Commission did not rule on the motion.  Bowers then filed an appeal with this Court.

Bowers's primary contention on his first appeal was based on the Commission's failure to allow him to address the Commission during the First Public Meeting.  The Court determined that the existing record was insufficient for its review and accordingly remanded the case to the agency for further proceedings on the record.[5]  This Court instructed the parties that: "[a]t the [public] meeting, each party will be afforded the opportunity briefly to address the Commission in support of his or its position."[6]

### B.    THE INSTANT APPEAL

Following this Court's remand, the Commission re-opened its review of the Recommendation.[7]    The State filed its renewed written exceptions to the

---

[5] Tab 7A at 9.

[6] Tab 7A at 10.

[7] *See* Tab 6.

Recommendation on March 5, 2024.[8]  Bowers also submitted written exceptions and arguments to the Commission on March 6, 2024.[9]

At its March 14, 2024, public meeting (the "Second Public Meeting"), the Commission was presented with the Recommendation as well as complete written record concerning Bowers.[10]  During the Second Public Meeting, it also heard presentations from the prosecuting Deputy Attorney General and from Bowers and his attorneys.[11]  On May 9, 2024, the Commission issued a final order (the "Second Final Order") in which they suspended Bowers's real estate salesperson license for 5 years.[12]  The conditions of the suspension, as outlined in the Second Final Order, still allow Bowers to petition the Commission to convert the suspension to probation after 2 years of license suspension.[13]

## III.  PARTIES' CONTENTIONS

Bowers raises four arguments upon appeal: (1) the Commission's failure to provide any reason on the record for rejecting the Recommendation and suspending Bowers's license for 5 years is arbitrary and capricious, an abuse of discretion, and

---

[8] Tab 7D.

[9] Tab 7C.

[10] Tab 7A-D.

[11] Tab 6 at 9, 14-28, and 28-29.

[12] Tab 3.

[13] *Id*.

5

legal error; (2) the Commission's legal conclusions are not supported by substantial evidence and are legal error; (3) the Commission's failure to consider mitigating evidence is legal error and arbitrary and capricious; and (4) the Commission's disciplinary recommendation is not proportional to the offense in violation of this Court's instructions upon remand.[14]

Bowers further alleges that "one is left with the feeling, particularly after sitting through the Second Public Hearing, that the Commission's decision was driven by personal animus."[15] Bowers claims that he "cannot receive a fair hearing in front of the Commission" and requests this Court to reverse the Commission's decision.[16]

## IV.  STANDARD OF REVIEW

The function of the Superior Court, on an appeal from a decision of an administrative agency, is to determine whether the agency's decision is supported by substantial evidence and is free from legal error.[17] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a

---

[14] Op. Br.

[15] Op. Br. at 20.

[16] Op. Br. at 21.

[17] *Villabona v. Del. Real Estate Comm'n*, 2010 WL 3760309 at *3 (Del. Super. Aug. 23, 2010) (citation omitted).

conclusion."[18]  An administrative board abuses its "discretion where it 'exceed[s] the bounds of reason in view of the circumstances' or 'ignores[s] recognized rules of law or practice [ ] so as to produce injustice.'"[19]

This Court's role is to correct errors of law and to review the factual findings of the Commission below to determine if such findings are sufficiently supported by the record and are the product of an orderly and logical deductive process.[20]  Because the Court does not weigh evidence, determine questions of credibility, or make its own factual findings, it must uphold the decision of the Commission unless the Commission "acts arbitrarily or capriciously" or its decision "exceeds the bounds of reason."[21]

---

[18]  *Ingram v. Del. Real Estate Comm'n*, 737 A.2d 530, 1999 WL 643010 at *1 (Del. June 24, 1999) (TABLE).

[19] *Cooper v. Del. Bd. of Nursing*, 2021 WL 754306 at *2 (Del. Super. Feb. 26, 2021) (citing *Pitts v. White*, 109 A.2d 786, 788 (Del. 1954), *aff'd*, 264 A.3d 214 (Del. 2021).

[20] *Levitt v. Bouvier*, 287 A.2d 671, 673 (Del. 1972).

[21] *PAL of Wilmington v. Graham,* 2008 WL 2582986 at *4 (Del. Super. June 18, 2008).

## V. ANALYSIS

### A. THE COMMISSION IS NOT OBLIGATED TO STATE ITS REASONING ON THE RECORD AT THE TIME OF ITS DECISION; THUS, THE COMMISSION'S FAILURE TO STATE ITS REASONING ON THE RECORD AT THE TIME OF ITS DECISION IS NOT ARBITRARY AND CAPRICIOUS, AN ABUSE OF DISCRETION, OR LEGAL ERROR.

Bowers first contends: "If the Commission does not provide any basis, reason or rationale for rejecting the Hearing Officer's disciplinary recommendation, that decision is clearly not supported by substantial evidence, is arbitrary and capricious, and an abuse of discretion."[22] The State contends that the Commission's decision was based on a thorough review of the complaints made against Bowers's real estate sales practice and the binding factual record established by the Hearing Officer.[23]

At the Second Public Meeting, the Commission considered the Recommendation and complete written record concerning Bowers. The Commission also heard presentations from the prosecuting Deputy Attorney General, Bowers's counsel, and Bowers himself. After hearing the various arguments, the Commission decided to adopt the Hearing Officer's factual findings and legal conclusions as its own but to modify the recommended discipline.

---

[22] Op. Br. at 16.

[23] Answering Br. at 6-7.

Upon reviewing the Hearing Officer's recommended sanction, the Commission is authorized to accept, reject, or modify the recommendation.[24] The Commission is required to base its final case decisions on the entire record pursuant to 29 *Del. C.* § 10128(a).[25] Pursuant to 29 *Del. C.* § 10128(b), the Commission's case decisions must be issued in a final order, which must include the following information: (i) a brief summary of the evidence; (ii) findings of fact based upon the evidence; (iii) conclusions of law; (iv) any other conclusions required by law of the agency; and (v) a concise statement of the agency's determination or action on the case.[26]

Here, in the Second Final Order, the Commission included: (i) a brief summary of the evidence against Bowers; (ii) findings of fact based upon the evidence; (iii) conclusions of law; (iv) non-legal conclusions required by the Commission; and (v) a concise statement of the agency's decision on the case.[27]

---

[24] 29 *Del. C.* § 8735(v)(1)(d) ("The board or commission shall make its final decision to affirm or modify the hearing officer's recommended conclusions of law and proposed sanctions based upon the written record."); *see also Cooper v. Del. Bd. of Nursing*, 2021 WL 4938135 (Del. 2021) (holding that the Board of Nursing was expressly authorized to modify a Hearing Officer's recommendation pursuant to 29 *Del. C.* § 8735(v)(1)(d)).

[25] 29 *Del. C.* § 10128(a).

[26] 29 *Del. C.* § 10128(b).

[27] Tab 3 at 7-11.

Accordingly, the Commission completed all which was required of them under 29 *Del. C.* § 10128.

Bowers specifically contends that the considerations outlined in the Commission's Second Final Order are simply "ad hoc justifications made-up for the Second Final Order." He argues that the Commission was required to "provide a basis, reason or rationale" for revoking his license at the time of the vote, not within the later-issued order. Bowers misinterprets the requirements under 29 *Del. C.* § 10128. The Commission, as required, based its decision on the entire written record and provided a reasoning in its Second Final Order for its decision to modify the Recommendation. The Commission was not under any obligation to explain its reasoning at the time of the vote itself.

Bowers also alleges that the Commission's failure to provide a reasoning for its decision to reject the Recommendation at the Second Public Meeting violated the fundamental requirement of due process.[28] Specifically, he claims that providing a reason or rationale for rejecting the Recommendation is "the bare minimum that our law and due process requires" and that the Commission's failure to do so at the time of the vote demonstrates that the "vote was tainted."[29] Bowers cites to the Court's holding in *P. Wilson Exterminating Co. v. State Dept. of Agriculture*, in which the

---

[28] *Id*. at 16-17.
[29] *Id*.

10

Court instructed the Department of Agriculture "to impose lesser sanctions or to make detailed findings providing specific reasons why the sanctions were imposed, and comparing them to sanctions levied in similar disciplinary hearings, if any."[30] However, in *P. Wilson Exterminating Co.*, the Court ultimately based its decision on the fact that the record was too incomplete to determine "[whether] the Department weighed mitigators when imposing the penalty" or "how it arrived at the penalty."[31] The record here is not similarly deficient.

The record demonstrates that the procedural issues with the 2022 hearing regarding Bowers's license were remedied on remand. At the Second Public Meeting, Bowers was represented by two attorneys who spoke in support of Bowers's submitted exceptions.[32] Further, "Bowers was also permitted to make an emotional plea regarding the changes he has made to his lifestyle since the events described in the Hearing Officer's recommendation."[33] Thus, each party was afforded an equal opportunity to present its case. The Commission, after reviewing all the evidence, clearly set forth its findings concerning each allegation in its Final Second Order. The Court is satisfied that Bowers was afforded due process.

---

[30] Op. Br. at 17; *see P. Wilson Exterminating Co. v. State Dept. of Agriculture*, 2001 WL 755374 at *2 (Del. Super. June 27, 2001) (emphasis added).

[31] *P. Wilson Exterminating Co.*, 2001 WL 755374 at *2.

[32] Tab 3 at 7; Tab 6 at 14-28, 28-29.

[33] *Id*.

The Court finds the Commission was not obligated to state its reasoning on the record at the time of its decision, and its reasonings are set forth as required in the Second Final Order. Accordingly, the Commission's failure to state a reason on the record at the time of its decision was not arbitrary and capricious, an abuse of discretion, or legal error.

**B.** **THE COMMISSION'S LEGAL CONCLUSIONS ARE SUPPORTED BY SUBSTANTIAL EVIDENCE AND DO NOT CONSTITUTE LEGAL ERROR.**

Substantial evidence exists on this record to support the Commission's legal determination that Bowers engaged in conduct which violated the Real Estate Practices Act or the Commission's regulations. The record, developed in front of the Hearing Officer, is replete with evidence establishing Bowers's multiple violations of the Real Estate Practices Act, including: (1) failure to "keep the parties informed regarding the progress of the transaction" under 24 *Del. C.* § 2936(b)(6);[34] (2) failure to advise parties that "some oral or written statements may not be relied upon" under § 2936(b)(11);[35] (3) failure to prepare a statutorily-required Consumer Information Statement under § 2938(b);[36] (4) performance of real estate services "incompetently or negligently so as not to safeguard the public interest" under §

---

[34] Tab 7B at 79-80.

[35] Tab 7B at 80.

[36] Tab 7B at 81.

2912(a)(6);[37] and (5) making "substantial misrepresentations" in violation of 24 *Del. C.* §2912(a)(1).[38]

This evidence includes: (1) the expert testimony of Mr. Jason Giles;[39] (2) the testimony of Defendant's former clients Rita Carnevale, (3) Judith Fiory, and Tina Shukla;[40] (4) the testimony of Defendant's former broker;[41] and (5) the testimony of the Division licensing investigator who was assigned the complaints against Bowers's license.[42] The testimony presented to the Hearing Officer supports the Hearing Officer's determination that Bowers engaged in conduct which violated multiple provisions of the Real Estate Practices Act.

Accordingly, the Court finds that the factual record was appropriately developed. The record contains the substantial evidence necessary to support the Commission's adoption of the Hearing Officer's legal conclusions.

## C. THE COMMISSION CONSIDERED MITIGATING EVIDENCE.

Bowers claims that "[t]he Commission, at the First and Second Public Hearing and in the First and Second Final Orders, did not consider *any* mitigating

---

[37] Tab 7B at 81-82.

[38] Tab 7B at 84.

[39] Tab 7B at 25.

[40] Tab 7B at 8, 12, and 30.

[41] Tab 7B at 34.

[42] Tab 7B at 39.

evidence."[43] He claims that the Commission is required to consider mitigating factors and that its failure to do so warrants reversal of its decision and immediate reinstatement of his real estate license.[44] At the Second Public Hearing, Bowers and his counsel both had an opportunity to speak, in which they emphasized: (1) Bowers's struggle with substance use at the time of the alleged violations and (2) the fact Bowers had no prior disciplinary record.[45]

The Second Final Order belies Bowers's assertions. First, the Second Final Order also explicitly stated that "[t]he Commission considered the exceptions submitted and argued by the parties" and even addressed how the content of those exceptions shaped its decision-making process.[46] The Commission stated: "[Bowers's exceptions] do not overcome the substantial evidence identified by the Hearing Officer (including Mr. Giles' expert testimony) nor do they consider that as a licensed fiduciary, Bowers was required [to] fulfill his responsibilities and obligations."[47]

Second, the Commission did consider Bowers's substance use and lack of a prior record. The Second Final Order referenced Bowers's opportunity to be heard

---

[43] Op. Br. at 30.

[44] *Id*.

[45] Tab 6 at 14-28, 28-29.

[46] Tab 3 at 7.

[47] Tab 3 at 7.

14

and stated that, in addition to considering the submitted exceptions, the Commission also considered the arguments of the parties at the Second Public Hearing.[48]

The Court finds that the Commission, when making its decision, considered the following mitigating factors: (1) the submitted, written exceptions; (2) Bowers's struggles with substance use; and (3) the fact that Bowers was an exceptional real estate agent with no prior disciplinary record. Thus, the Court finds there is no merit to Bowers's argument that the Commission failed to consider mitigating factors.

### D. THE COMMISSION'S DISCIPLINARY RECOMMENDATION IS PROPORTIONAL TO THE OFFENSE AND DOES NOT VIOLATE THIS COURT'S ORDER.

Bowers contends that: "[a] 5-year suspension grossly exceeds the discipline issued by the Commission in similar cases, involving the same violations that Bowers is accused of, so as to be shocking to one's sense of fairness."[49] Bowers claims that the disproportionate sentence: (1) represents an abuse of the Commission's discretion; and (2) violates this Court's instructions to the Commission on remand to consider the proportionality of the discipline to the offense.[50]

---

[48] Tab 3 at 7.

[49] Op. Br. at 31.

[50] Op. Br. at 34.

15

Pursuant to 24 *Del. C.* § 2914, the Commission may impose any of the following sanctions to address violations committed by its licensees, "singly or in combination:" (a)(1) letters of reprimand; (a)(2) probation; (a)(3) fines not to exceed $5,000 for each violation; (a)(4) suspension; or (a)(5) revocation.[51] In *Delaware Board of Medicine License & Disclosure v. Grossinger*,[52] the Supreme Court addressed the need for consistency in penalties, recognizing that for "notice to be adequate, [the administrative agency] must give reasonable persons clarity as to what conduct is proscribed. To that end, consistency is the key."[53] Conversely, it is axiomatic that agency case decisions must consider the individual circumstances of each case.[54] Thus, there is a need in administrative law to balance (1) the requirement for consistency in penalties with (2) the need that an agency consider the individual circumstances of each case.[55]

Here, the General Assembly entrusted that balancing to the Commission.[56] An agency does not abuse its discretion if it chooses to place controlling weight on consistency as long it considers the individual circumstances of each case and bases

---

[51] 24 *Del. C.* § 2914.

[52] 224 A.3d 939 (Del. 2020).

[53] *Grossinger*, 224 A.3d at 957.

[54] *In re Del. Real Estate Comm'n*, 2024 WL 4888922 at *13 (Del. Super. Nov. 25, 2024).

[55] *Id*.

[56] *Id*.

its decisions on substantial evidence.[57] As explained above, the Court finds that substantial evidence exists to support the Commission's conclusions. The record demonstrates that the Commission considered the individual circumstances of Bowers's case. Further, the Commission did not exceed its statutory authority by imposing upon Bowers the sanction of temporary license revocation, since that penalty was within the Commission's statutory confines.[58]

Having found that the actions of the Commission were in compliance with law, the Court must next turn to the Bowers's argument that the actions of the Commission violated this Court's Order. The Court finds there is no merit to Bowers's argument that the Commission's disciplinary measures were disproportionate to the offense and, as a result, violated this Court's instructions. On this record, the Commission acted within its statutory authority and did not abuse its discretion when balancing the need for consistency in penalties against the need to consider the individual circumstances of each case.

## VI.  CONCLUSION

The Court has reviewed the record carefully. The record includes substantial evidence that Bowers committed multiple violations of the Delaware Real Estate

---

[57] *Id*.

[58] *See Ingram v. Del. Real Estate Comm'n*, 1999 WL 743312 at *5 (Del. Super. Feb. 23, 1999) (affirming the decision of the Commission revoking both appellants' licenses as a disciplinary measure within the Commission's statutory authority).

Practices Act. Further, because the Commission was authorized to temporarily revoke a license under the circumstances, there was no abuse of discretion in the Commission's modification of the Recommendation. Bowers has not shown that the Commission acted arbitrarily and capriciously in reaching its decision.

This Court's role upon appeal from the Commission is limited to correcting errors of law. Finding no such legal errors here, the Second Final Order of the Delaware Real Estate Commission is **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ Patricia A. Winston*
**Patricia A. Winston, Judge**